ANTHONY L. CANNON, No. 162986
DERRICK R. STURM, No. 189083
CANNON & NELMS, P.C., Attorneys at Law
1800 East 17th Street, Suite 101
Santa Ana, California 92705
(714) 543-8312
(714) 543-8182

Attorneys for Defendants ROSE PROCTOR, MARK NOEL, ALLIED PROPERTY & CASUALTY INSURANCE and NATIONWIDE MUTUAL INSURANCE COMPANY

FILED
08 APR 30 PM 4:00
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ECL DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VIA FAX

| | |
|---|---|
| GERALD KOSEN, an individual; BRENDA KOSEN; and individual,<br><br>Plaintiffs,<br><br>vs.<br><br>KATHLEEN RUFFING, an individual; ROSE PROCTOR, an individual; WILLIAM G. JURGENSON, an individual; MARK NOEL, an individual; ALLIED PROPERTY & CASUALTY INSURANCE, a business entity; NATIONWIDE MUTUAL INSURANCE COMPANY, a business entity; and DOES 1 through 74,<br><br>Defendants. | Case No. '08 CV 0793 LAB WMc<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants ROSE PROCTOR, MARK NOEL, ALLIED PROPERTY & CASUALTY INSURANCE, and NATIONWIDE MUTUAL INSURANCE COMPANY (collectively "Removing Defendants"), hereby remove to this Court the state court action described below. Removal is sought to the Southern District of California.



CR

1. On April 1, 2008, an action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled Gerald Kosen and Brenda Kosen, Plaintiffs, vs. Kathleen Ruffing, Rose Proctor, William G. Jurgenson, Mark Noel, Allied Property & Casualty Insurance, and Nationwide Mutual Insurance Company, Defendants, as case number 2008-078491-CU-PA-CTL. A true and correct copy of the complaint is attached hereto as Exhibit "A." Plaintiffs thereafter filed a First Amended Complaint on or about April 11, 2008, a true and correct copy of which is attached hereto as Exhibit "B."

2. The first date upon which Moving Defendants received a copy of the initial complaint was on April 1, 2008 when Moving Defendants' counsel had an attorney service obtain all filings by Plaintiffs.

3. To date, although none of the Moving Defendants have been served with the summons and complaint, the law firm of Cannon & Nelms, P.C. has been authorized to accept service on behalf of the Removing Defendants.

**JURISDICTIONAL STATEMENT**

4. This action is a Civil action in which the court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. 1441(b) in that it is a civil action arising under RICO.

**JOINDER**

5. Defendant Kathleen Ruffing joins in this Notice of Removal.

6. Defendant William G. Jurgenson has not joined in this Notice of Removal because Mr. Jurgenson has not been served with the summons and complaint.

Dated: April 30, 2008

Respectfully submitted,

CANNON & NELMS, P.C.,
Attorneys at Law

Anthony L. Cannon
Derrick R. Sturm
Attorneys for Defendants ROSE PROCTOR, MARK NOEL, ALLIED PROPERTY & CASUALTY INSURANCE and NATIONWIDE MUTUAL INSURANCE COMPANY

EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Douglas J. Crawford, SBN 202274<br>4368 Niagara Avenue<br>San Diego, CA 92107-2926<br>TELEPHONE NO. 619-876-9177 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Gerald Kosen, Brenda Kosen | FILED<br>CIVIL BUSINESS OFFICE 19<br>08 FEB 21 PM 3:31<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 W. Broadway<br>MAILING ADDRESS: 330 W. Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice | |
| PLAINTIFF: Gerald Kosen, Brenda Kosen<br>DEFENDANT: Kathleen Ruffing; Rose Proctor; Nationwide ~~Inc. et. al.~~ Insurance, William G. Jurgenson, Allied Insurance<br>☑ DOES 1 TO 75 | |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>☐ **AMENDED (Number):**<br>**Type (check all that apply):**<br>☑ **MOTOR VEHICLE** ☑ **OTHER (specify):** RICO<br>☑ **Property Damage** ☐ **Wrongful Death**<br>☑ **Personal Injury** ☑ **Other Damages (specify):** PUNITIVE | |
| **Jurisdiction (check all that apply):**<br>☐ **ACTION IS A LIMITED CIVIL CASE**<br>**Amount demanded** ☐ **does not exceed $10,000**<br>☐ **exceeds $10,000, but does not exceed $25,000**<br>☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>☐ **ACTION IS RECLASSIFIED by this amended complaint**<br>☐ **from limited to unlimited**<br>☐ **from unlimited to limited** | CASE NUMBER:<br>37-2008-00078491-CU-PA-CTL |

1. **Plaintiff** *(name or names)*: Gerald Kosen, Brenda Kosen
   alleges causes of action against **defendant** *(name or names)*:
   Kathleen Ruffing, Rose Proctor, Nationwide Insurance, Allied Insurance, William G. Jurgenson
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:
   b. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

P. 1 of 5

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

PLD-PI-001

| SHORT TITLE: KOSEN v. RUFFING, et. al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name)*:
is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☑ except defendant *(name)*: Allied Insurance
(1) ☑ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe)*:
(4) ☐ a public entity *(describe)*:
(5) ☐ other *(specify)*:

b. ☑ except defendant *(name)*: Nationwide Insurance
(1) ☑ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe)*:
(4) ☐ a public entity *(describe)*:
(5) ☐ other *(specify)*:

c. ☐ except defendant *(name)*:
(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe)*:
(4) ☐ a public entity *(describe)*:
(5) ☐ other *(specify)*:

d. ☐ except defendant *(name)*:
(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe)*:
(4) ☐ a public entity *(describe)*:
(5) ☐ other *(specify)*:

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. ☑ Doe defendants *(specify Doe numbers)*: 1 through 25 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. ☑ Doe defendants *(specify Doe numbers)*: 25 through 75 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
a. ☐ has complied with applicable claims statutes, or
b. ☐ is excused from complying because *(specify)*:

P. 2 of 5

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| KOSEN v. RUFFING, et. al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    - a. [✓] Motor Vehicle
    - b. [ ] General Negligence
    - c. [ ] Intentional Tort
    - d. [ ] Products Liability
    - e. [ ] Premises Liability
    - f. [✓] Other *(specify)*:

      RICO & Breach of the Covenant of Good Faith and Fair Dealing COA against Def.s Allied Insurance, Nationwide Insurance, Rose Proctor and William G. Jurgenson by requiring Plaintiffs to file suit before paying minimal compensation for injuries and payment for offsets.

11. Plaintiff has suffered
    - a. [✓] wage loss
    - b. [✓] loss of use of property
    - c. [✓] hospital and medical expenses
    - d. [✓] general damage
    - e. [✓] property damage
    - f. [✓] loss of earning capacity
    - g. [✓] other damage *(specify)*:

      loss of consortium, pain and suffering

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    - a. [ ] listed in Attachment 12.
    - b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    - a. (1) [✓] compensatory damages
    - (2) [✓] punitive damages

    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
    - (1) [✓] according to proof
    - (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 02/21/2008

Douglas J. Crawford
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

P. 3 of 5

PLD-PI-001(1)

| SHORT TITLE: Kosen v. Ruffing, et. al. | CASE NUMBER: |
|---|---|

First (number) **CAUSE OF ACTION—Motor Vehicle**

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: Gerald Kosen, Brenda Kosen

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff; the acts occurred

on *(date)*: 02/24/2008

at *(place)*:

Intersection of Forward Street and La Jolla Hermosa in La Jolla, while driving a 2005 Chevy Cobalt southbound on LJH, Def. Ruffing ran the stop sign, T-boning Plaintiff G. Kosen, who was driving a Ford Ranger Truck east on Forward. Def. Ruffing hit Plaintiff G. Kosen with such force and velocity to break several of his ribs, wherein he was rushed by ambulance to Scripps Memorial Hospital.

MV- 2. DEFENDANTS

a. [✓] The defendants who operated a motor vehicle are *(names)*:
Kathleen Ruffing

[✓] Does 1 to 2

b. [✓] The defendants who employed the persons who operated a motor vehicle in the course of their employment are *(names)*:
unknown whether or not Def. Ruffing was in the scope of her employment at the time she ran the stop sign.

[✓] Does 3 to 7

c. [✓] The defendants who owned the motor vehicle which was operated with their permission are *(names)*:
unknown ownership at the time Def. Ruffing ran the stop sign

[✓] Does 8 to 10

d. [ ] The defendants who entrusted the motor vehicle are *(names)*:

[ ] Does ______ to ______

e. [ ] The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:

[ ] Does ______ to ______

f. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment MV-2f [ ] as follows:

[ ] Does ______ to ______

Page 4 of 5





American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(1)

| SHORT TITLE: Kosen v. Ruffing, et. al. | CASE NUMBER: |
|---|---|

Second, Third & Fourth (number) **CAUSE OF ACTION—Motor Vehicle**

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Gerald Kosen, Brenda Kosen

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff; the acts occurred

on *(date):* Continuous

at *(place):*

MV- 2. DEFENDANTS

a. [ ] The defendants who operated a motor vehicle are *(names):*

[ ] Does ________ to ________

b. [ ] The defendants who employed the persons who operated a motor vehicle in the course of their employment are *(names):*

[ ] Does ________ to ________

c. [ ] The defendants who owned the motor vehicle which was operated with their permission are *(names):*

[ ] Does ________ to ________

d. [ ] The defendants who entrusted the motor vehicle are *(names):*

[ ] Does ________ to ________

e. [✓] The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

Rose Proctor, claims adjustor for Allied Insurance, Nationwide Insurance; William G. Jurgenson, President of Nationwide Insurance

[ ] Does ________ to ________

f. [✓] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are

[ ] listed in Attachment MV-2f [✓] as follows:

Breach of the covenant of good faith and faith dealing by Allied Insurance, Nationwide Insurance and Def.s Proctor & Jurgenson by requiring Plaintiffs to file suit to receive payment for offsets and minimal Compensation; 18 USC 1961 subdivisions (c) & (d) based on the foregoing provide the basis for the third and fourth COA

[✓] Does 11 to 40

Page 5 of 5

Law Office of Douglas J. Crawford, SBN 202274
4368 Niagara Ave
San Diego, CA 92107-2926
(619) 876-9177
Attorney for Plaintiff Gerald and Brenda Kosen

# *SUPERIOR COURT OF CALIFORNIA*
# *COUNTY OF SAN DIEGO, CENTRAL DIVISION*

GERALD KOSEN, an individual; BRENDA KOSEN; an individual

PLAINTIFF (S).

v.

KATHLEEN RUFFING, an individual; ROSE PROCTOR, an individual; WILLIAM G. JURGENSON, an individual; MARK NOEL, an individual; ALLIED PROPERTY & CAUSUALTY INSURANCE, a business entity; NATIONWIDE MUTUAL INSURANCE COMPANY a business entity; and DOES 1 through 74,

DEFENDANT (S).

CASE NO. 2008-078491-CU-PA-CTL

**FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

JURY TRIAL REQUESTED

PLAINTIFF GERALD KOSEN and BRENDA KOSEN alleges, as follows:

**PARTIES**

1. Plaintiff Gerald Kosen ("Plaintiff G. Kosen") is, and at all times mentioned in this complaint, an individual with residency in California.
2. Plaintiff Brenda Kosen ("Plaintiff B. Kosen") is, and all times mentioned in this complaint, an individual with residency in California.
3. Plaintiff G. Kosen is a male.
4. Plaintiff B. Kosen is a female.
5. Plaintiff G. Kosen and Plaintiff B. Kosen, before, during and after all acts giving rise to all causes of action are legally married.
6. Plaintiff(s) Kosens are informed and believe, and on such basis allege that Defendant Rose Proctor is, and all times mentioned in this complaint, a resident of California.
7. Plaintiff(s) Kosens are informed and believe, and on such basis allege that Defendant Mark Noel is, and at all times mentioned in this complaint, a resident of California.
8. Plaintiff(s) Kosens are informed and believe, and on such basis allege that Defendant William G. Jurgenson is, and all times mentioned in this complaint, a resident of Ohio.
9. Plaintiff(s) Kosens are informed and believe, and on such basis allege that Defendant William G. Jurgenson is, and all times mentioned in this complaint, the Chief Executive Officer of Def. Nationwide Mutual Insurance Company and Def. Allied Property and Casualty Insurance Company. .
10. Plaintiff(s) Kosens are informed and believe, and on such basis allege that Defendant Kathleen Ruffing is, and all times mentioned in this complaint, a resident of Pennsylvania.
11. Plaintiff(s) Kosen are informed and believe, and on such basis allege that

Defendant Allied Property and Casualty Insurance Company ("Def. Allied") is, and at all times mentioned in this complaint, a business entity doing business in the State of California.

12. Plaintiff(s) Kosen are informed and believe, and on such basis allege that Defendant Nationwide Mutual Insurance Company ("Def. Nationwide") is, and at all times mentioned in this complaint, a business entity doing business in the State of California.

13. Plaintiff(s) Kosen are informed and believe, and on such basis allege that Def. Allied is, and at all times mentioned in this complaint, a business entity doing business in all 48 States of the United States that have mandatory automobile insurance.

14. Plaintiff(s) Kosen are informed and believe, and on such basis allege that Def. Nationwide is, and at all times mentioned in this complaint, a business entity doing business in all 48 States that have mandatory automobile insurance.

15. Plaintiff(s) does not know the true names of Defendant DOES 1 through 74, inclusive, and therefore sues them by those fictitious names. Plaintiff(s) will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff(s) is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for each act or omission herein alleged.

16. Venue is proper in San Diego County because the acts and/or omissions that give rise to this complaint occurred in San Diego County.

17. On February 24, 2006, Def. Ruffing was driving south bound on La Jolla Hermosa, a public street.

18. On February 24, 2006, Def. Ruffing was driving south bound on La Jolla Hermosa in a 2005 Chevy Cobalt.

19. On February 24, 2006, Def. Ruffing was driving south bound on La Jolla

Hermosa in a 2005 Chevy Cobalt owned by D.V. Holding Corporation.

20. On February 24, 2006, Plaintiff G. Kosen was driving east bound on Forward Street, a public street.

21. On February 24, 2006, Plaintiff G. Kosen was driving east bound on Forward Street in a 1993 Ford Ranger Pickup.

22. Forward Street and La Jolla Hermosa intersection is a two-way stop.

23. Traffic traveling east and west bound on Forward Street do not have a designated stop sign at the intersection of Forward Street and La Jolla Hermosa.

24. Traffic traveling south and north bound on La Jolla Hermosa have a designated stop sign at the intersection of Forward Street and La Jolla Hermosa.

25. On February 24, 2006, while driving south bound on La Jolla Hermosa, Def. Ruffing failed to yield for Plaintiff G. Kosen who was traveling east bound on Forward Street.

26. On February 24, 2006, while driving south bound on La Jolla Hermosa, Def. Ruffing failed to yield to Plaintiff G. Kosen, who was traveling east bound on Forward Street in a 1993 Ford Ranger, thereby colliding with Plaintiff G. Kosen.

27. On February 24, 2006, while driving south bound on La Jolla Hermosa, Def. Ruffing failed to stop at the designated stop sign and collided with Plaintiff G. Kosen.

28. On February 24, 2006, while driving south bound on La Jolla Hermosa, Def. Ruffing failed to yield to Plaintiff G. Kosen, who was traveling east bound on Forward Street in a 1993 Ford Ranger, thereby colliding with Plaintiff G. Kosen causing substantial injury to Plaintiff G. Kosen.

29. On February 24, 2006, while driving south bound on La Jolla Hermosa, Def. Ruffing failed to exercise ordinary care when entering the

intersection of La Jolla Hermosa and Forward Street.

30. Def. Ruffing's failure to exercise ordinary care while operating a motor vehicle on February 24, 2006 while driving southbound on La Jolla Hermosa resulted in the automobile accident with Plaintiff G. Kosen.

31. Def. Ruffing's failure to exercise ordinary care while operation a motor vehicle on February 24, 2006 while driving southbound on La Jolla Hermosa caused injury to Plaintiff G. Kosen.

32. Def. Ruffing's failure to exercise ordinary care while operating a motor vehicle on February 24, 2006 while driving southbound on La Jolla Hermosa was the "proximate cause" and "cause in fact" of injuries suffered by Plaintiff G. Kosen.

33. Def. Ruffing's failure to exercise ordinary care while operation a motor vehicle on February 24, 2006 while driving southbound on La Jolla Hermosa caused injury to Plaintiff(s) Kosens.

34. Def. Ruffing's failure to exercise ordinary care while operating a motor vehicle on February 24, 2006 while driving southbound on La Jolla Hermosa was the "proximate cause" and "cause in fact" of injuries suffered by Plaintiff(s) Kosens.

35. On February 24, 2006, having incurred substantial personal injury as a result of the automobile accident that occurred between Plaintiff G. Kosen and Def. Ruffing, Plaintiff G. Kosen was transported by ambulance to an area hospital.

36. Details of the foregoing accident are contained within San Diego Traffic Collision Report Number B001835.

37. On February 24, 2006, Def. Ruffing presented liability coverage for the accident as "Nationwide Auto", policy number 5437B612350.

///

///

## FIRST CAUSE OF ACTION

(Business & Professions Code § 17200; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Nationwide, Def. Allied, Def. Jurgenson, Def. Proctor, Def. Noel - "Fraudulent Business Act(s) or Practice")

38. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

39. On or about March 7, 2006, Def. Proctor contacted Plaintiff G. Kosen via telephone.

40. On or about March 7, 2006, Def. Proctor took Plaintiff G. Kosen's recorded statement regarding the above described automobile accident.

41. On or about March 7, 2006, Def. Proctor affirmatively stated to Plaintiff G. Kosen that Def. Nationwide would not give any money to Plaintiff G. Kosen for the injuries he incurred as a result of the accident **unless** Plaintiff G. Kosen sued Def. Nationwide.

42. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor's statement that: Plaintiff(s) Kosens will not receive any compensation for personal injuries sustained in the accident **unless** Plaintiff(s) Kosens sue Def. Nationwide and Def. Allied; to be a policy of Def. Nationwide and Def. Allied.

43. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor's statement that: Plaintiff(s) Kosens will not receive any compensation for personal injuries sustained in the accident **unless** Plaintiff(s) Kosens sue Def. Nationwide and Def. Allied; to be a settlement practice of Def. Nationwide and Def. Allied.

44. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor's statement that: Plaintiff(s) Kosens will not receive any compensation for personal injuries sustained in the accident **unless** Plaintiff(s) Kosens sue Def. Nationwide and Def. Allied; to be an

settlement act of Def. Nationwide and Def. Allied with regards to out-of-state defendants injuring in state plaintiffs.

45. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor's statement that: Plaintiff(s) Kosens will not receive any compensation for personal injuries sustained in the accident **unless** Plaintiff(s) Kosens sue Def. Nationwide and Def. Allied; to be an act of Def. Nationwide and Def. Allied with regards to the facts of this particular dispute.

46. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor's statement that: Plaintiff(s) Kosens will not receive any compensation for personal injuries sustained in the accident **unless** Plaintiff(s) Kosens sue Def. Nationwide and Def. Allied; to be an act and settlement practice of Def. Nationwide and Def. Allied with regards to out-of-state defendants injuring in state plaintiffs.

47. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as Chief Executive Officer for Def. Nationwide and Def. Allied, Def. Jurgensen controls the claim settlement policies of Def. Nationwide and Def. Allied.

48. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as Chief Executive Officer for Def. Nationwide and Def. Allied, Def. Jurgensen controls the claim settlement practices of Def. Nationwide and Def. Allied.

49. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as Chief Executive Officer for Def. Nationwide and Def. Allied, that Def. Nationwide's and Def. Allied's claim settlement policies and practices are reviewed by and subject to modification by Def. Jurgensen.

50. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as a Claims Representatives for Def. Nationwide and Def. Allied, Def.

Proctor and Def. Noel controls the implementation of the claim settlement policies of Def. Nationwide and Def. Allied.

51. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as Chief Executive Officer for Def. Nationwide and Def. Allied, Def. Jurgensen has complete control over the use of Def. Nationwide's ***televised*** advertising slogan and representation "On your Side".

52. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as a Claims Representatives for Def. Nationwide and Def. Allied, Def. Proctor and Def. Noel controls the implementation of the claim settlement practices of Def. Nationwide and Def. Allied.

53. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as a Claims Representatives for Def. Nationwide and Def. Allied, Def. Proctor and Def. Noel controls the implementation of a particular claim settlement act of Def. Nationwide and Def. Allied.

54. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as a Claims Representatives for Def. Nationwide and Def. Allied, Def. Proctor and Def. Noel refused to pay fair and reasonable compensation to Plaintiff G. Kosen for the injuries he suffered as a result of the automobile accident on February 24, 2006 between Plaintiff G. Kosen and Def. Ruffing.

55. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as a Claims Representatives for Def. Nationwide and Def. Allied, Def. Proctor and Def. Noel refused to pay fair and reasonable compensation to Plaintiff G. Kosen for the ***actual*** injuries he suffered as a result of the automobile accident on February 24, 2006 between Plaintiff G. Kosen and Def. Ruffing.

56. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as a Claims Representatives for Def. Nationwide and Def. Allied, Def.

Proctor and Def. Noel refused to conduct a reasonable investigation as to the extend of Plaintiff G. Kosen's injuries suffered as a result of the automobile accident on February 24, 2006 in order to fairly compensate Plaintiff(s).

57. Plaintiff(s) Kosens are informed and believe and on such basis allege that, as a Claims Representatives for Def. Nationwide and Def. Allied, Def. Proctor's and Def. Noel's refusal of Plaintiff(s) offer for medical evaluation by any doctor of Def. Nationwide's or Def. Allied's choosing to conduct a reasonable investigation as to the extend of Plaintiff G. Kosen's injuries suffered as a result of the automobile accident on February 24, 2006 to avoid compensating Plaintiff(s) fairly..

58. Plaintiff(s) Kosens are informed and believe and on such basis allege that, Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Allied's and Def. Nationwide's **to date** continued refusal to accept Plaintiff(s) repeated offer for medical evaluation and/or examination by any doctor of Def. Nationwide's or Def. Allied's choosing to conduct a reasonable investigation as to the extend of Plaintiff G. Kosen's injuries suffered as a result of the automobile accident on February 24, 2006 to avoid compensate Plaintiff(s) fairly.

59. Plaintiff(s) Kosens are informed and believe and on such basis allege that, Def. Nationwide advertises via television and represents that they are "On Your Side".

60. Plaintiff(s) Kosens are informed and believe and on such basis allege that, Def. Nationwide advertises via television and represents that they are "On Your Side" to potential customers.

61. On or about March 7, 2006 and continuing for two years, Def. Proctor, as an employee of Def. Nationwide and Def. Allied, sent numerous correspondences ***via U.S. Mail*** to Plaintiff(s) Kosens that all contain Def.

Nationwide and Def. Allied's representation of "On Your Side" to Plaintiff(s) Kosens.

62. Plaintiff(s) Kosens are informed and believe and on such basis allege that, Def. Nationwide's representation of being "On Your Side" conveys, at a minimum, to the receiving public that Def. Nationwide will conduct their business in accordance with the law in which they do business.

63. Plaintiff(s) Kosens understood, at a minimum, that Def. Nationwide's. Def. Allied's, Def. Proctor's, Def. Noel's and Def. Jurgensen's representation of "On Your Side" to mean that they would conduct themselves in accordance with the law in the States that they conduct business.

64. Stated another way, Plaintiff(s) Kosens believed that Def. Allied, Def. Nationwide, Def. Proctor, Def. Noel and Def. Jurgensen would, at a minimum, not engage in **illegal** conduct when conducting business with the Plaintiff(s) Kosens.

65. Plaintiff(s) Kosens believed and had a reasonable belief that Def. Allied, Def. Nationwide, Def. Proctor, Def. Noel and Def. Jurgensen would not engage in illegal acts when transacting business with the Plaintiff(s) Kosen.

66. Plaintiff(s) Kosens relied on Def. Allied's, Def. Nationwide's, Def. Proctor's, Def. Noel's and Def. Jurgensen's representation that they were on Plaintiff(s) Kosens side.

67. Plaintiff(s) Kosens believed and had a reasonable belief that Def. Allied, Def. Nationwide, Def. Proctor, Def. Noel and Def. Jurgensen would, at a minimum, be on the **legal** side of the law when transacting business with them.

68. Def. Nationwide, Def. Allied, Def. Proctor, Def. Noel and Def. Jurgensen did not conduct a reasonable investigation in the extent of

Plaintiff(s) Kosens total injuries before proffering a settlement amount.

69. On or about February 16, 2008, Plaintiffs Kosens informed Def. Proctor, Def. Noel, Def. Nationwide and Def. Allied that the requests for reimbursements for medical expenses incurred as a result of the automobile accident from Meridan and Interinsurance Exchange of the Automobile Club ("Interinsurance Exchange") were causing them unnecessary and undue stress.

70. On or about February 16, 2008, Plaintiff(s) Kosens demanded that Def. Nationwide and Def. Allied reimburse Meridan and Interinsurance Exchange for medical expenses incurred as a result of the automobile accident.

71. Def. Nationwide, Def. Allied, Def. Proctor, Def. Noel and Def. Jurgensen have refused to reimburse Meridan and Interinsurance Exchange.

72. Def. Nationwide's, Def. Allied's, Def. Noel's and Def. Proctor's refusal and continued refusal to reimburse Meridan and Interinsurance causes Plaintiff(s) Kosens unnecessary and undue stress resulting in physical discomfort, loss of appetite, loss of sleep, etc.

73. On February 14, 2008, Def. Proctor, as a claim adjustor and employee for Def. Nationwide and Def. Allied sent a written correspondence *via U.S. Mail* on Def. Nationwide company letterhead paper to Plaintiff(s)' attorney offering Plaintiff(s) $13000 to settle their claim **despite** not having all of Plaintiff G. Kosen's medical records for review. Egan v. Mutual Ins. Co., 24 Cal. 3d 809 (1979).

74. On February 28, 2008, Def. Noel, an employee of Def. Nationwide and Def. Allied, sent a written correspondence ***via U.S. Mail*** on Def. Allied company letterhead paper, which including the representation of "On Your Side", to Plaintiff(s) attorney, again, reiterating the $13000 amount

to settle the matter based on liability and damages based on medical bills in the amount of $2,562.98.

75. On February 28, 2008, Def. Noel, an employee of Def. Nationwide and Def. Allied, on behalf of Def. Nationwide and Def. Allied, made a false statement about the amount of medical damages incurred by Plaintiff G. Kosen.

76. On February 28, 2008, Def. Noel, an employee of Def. Nationwide and Def. Allied, on behalf of Def. Nationwide and Def. Allied, made a false statement about the amount of medical damages incurred by Plaintiff G. Kosen using the U.S. Mail.

77. On February 28, 2008, Def. Noel, an employee of Def. Nationwide and Def. Allied, on behalf of Def. Nationwide and Def. Allied, made a misleading statement about the amount of medical damages incurred by Plaintiff G. Kosen.

78. On February 28, 2008, Def. Noel, an employee of Def. Nationwide and Def. Allied, on behalf of Def. Nationwide and Def. Allied, made a misleading statement about the amount of medical damages incurred by Plaintiff G. Kosen using the U.S. Mail.

79. On February 28, 2008, Def. Noel, an employee of Def. Nationwide and Def. Allied, on behalf of Def. Nationwide and Def. Allied, made a false and misleading statement about the amount of medical damages incurred by Plaintiff G. Kosen in opposition to Plaintiff G. Kosen claim for payment for damages via the U.S. Mail.

80. Def. Proctor, Def. Allied and Def. Nationwide affirmatively represented that their $13000 offer to settle the matter was based on liability and damages; Damages of which included medical bills in the amount of $2,562.98.

81. Plaintiff(s) are informed and belief and on such basis allege that the

amount of medical damages is material in determining the settlement amount.

82. On or about February 14, 2008, Plaintiff(s) attorney sent a complete settlement package to Def. Proctor, Def. Noel and Def. Nationwide which affirmatively represented that Plaintiff G. Kosen incurred medical damages in the amount of $4767.85.

83. Cal. Penal Code Section 550 (b)(1) makes it illegal for any person to present or cause to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false or misleading information concerning a material fact.

84. Pennsylvania, to which Def. Ruffing is a resident, and is a State in which Def. Allied and Def. Nationwide sells insurance, has under Chapter 146, entitled UNFAIR INSURANCE PRACTICES, under Subchapter entitled UNFAIR CLAIMS SETTLEMENT PRACTICES , Section 146.9 (a) provides: (a) Where comparative negligence is applied to a claim settlement offer or denial, insurers shall fully disclose to claimants the basis in fact or in applicable law for the offer or denial and settlement standards relating to the claims.

85. Pennsylvania, to which Def. Ruffing is a resident, and is a State in which Def. Allied and Def. Nationwide sells insurance, has under Chapter 146, entitled UNFAIR INSURANCE PRACTICES, under Subchapter entitled UNFAIR CLAIMS SETTLEMENT PRACTICES, Section 146.9 (b) provides: "(b) Insurers may not use comparative negligence claim settlement standards which are inequitable and which result in compelling claimants to litigate by offering substantially less than the amount due and ultimately recovered in actions brought by the persons. Comparative negligence should not be applied to a claim settlement to reduce amounts

claimants would otherwise be entitled to but for their negligence without reasonable evidence of the negligence and its relativity to the total negligence involved. A record of the evidence and the evaluation of its effect should be maintained in the claim file." See also, 40 P.S. Section 1171.5 (a)(10)(iv); Terletsky v. Prudential Property and Casualty Insurance, 437 Pa. Super. 108, 649 A. 2d 680 (1994).

86. 18 U.S.C. § 1343 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures , or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

87. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor's, Def. Nationwide's, Def. Allied's and Def. Noel's false, under-statement of medical damages incurred by Plaintiff G. Kosen, as detailed above were for the purpose of defrauding Plaintiff(s) Kosens of the correct amount of money they were entitled to for injuries that occurred as a result of the automobile accident, as detailed above.

88. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor's, Def. Noel's, Def. Nationwide's, Def. Allied's and Def. Jurgensen's false statement, representation and promise of being "On Your Side" were for the purpose of defrauding Plaintiff(s) Kosens of the correct amount of money they were entitled to for injuries that occurred as a result of the automobile accident, as detailed above.

89. 18 U.S.C. § 1349 provides: "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same

penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

90. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor's, Def. Nationwide's, Def. Allied's and Def. Noel's false understatement of medical damages incurred by Plaintiff G. Kosen, as detailed above were for the purpose of conspiring to defrauding Plaintiff(s) Kosens of the correct amount of money they were entitled to for injuries that occurred as a result of the automobile accident, as detailed above.

91. 18 U.S.C. § 1951 provides: "(a) Whoever in any way delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty, or both."

92. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor's, Def. Nationwide's, and Def. Allied's statement that they would not receive any compensation for damages suffered as a result of the automobile accident **unless** Plaintiff(s) Kosens sued Def. Nationwide, as detailed previously, to be a method of delaying and/or obstructing the payment of funds that would necessarily enter interstate commerce by extortion.

93. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor's, Def. Nationwide's, and Def. Allied's statement that they would not receive any compensation for damages suffered as a result of the automobile accident **unless** Plaintiff(s) Kosens sued Def. Nationwide, as detailed previously, to be a method of delaying and/or obstructing the payment of funds that would necessarily enter interstate commerce by

robbery.

94. 18 U.S.C. § 1956 provides, in relevant part: "(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity (A)(1) with the intent to promote the carrying on of specified unlawful activity ... shall be sentenced o a fine of not more than $500,000 or twice the value of the property involved in the transaction."

95. As used in Title 18 U.S.C. § 1956, the term "specified unlawful activity" means any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), which includes, 18 U.S.C. § 657, 18 U.S.C. § 1343, 18 U.S.C. § 1951 and 18 U.S.C. § 1957.

96. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor, Def Noel, Def. Jurgensen, Def. Nationwide, and Def. Allied know that using the U.S. Mail to defraud a claimant out of the true, actual value of a claim constitutes a violation of 18 U.S.C. § 1343 and Cal. Penal Code § 550.

97. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide, and Def. Allied knew or should have known that the all or some of the proceeds from their defrauding Plaintiff(s) Kosens out of the true and correct value of the claim pays their respective salaries or wages.

98. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide, and Def. Allied knew or should have known that receiving ill-gotten gains, as described above, violate 18 U.S.C. § 1956 and 18 U.S.C. § 1957.

99. 18 U.S.C. § 1957 provides, in relevant part: "Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts

to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specifically unlawful activity, shall be punished as provided in subsection (b)."

100. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and Def. Allied knew, or should know that their defrauding Plaintiff(s) Kosens involved a transaction of greater than $10,000.

101. Plaintiff(s) Kosens are informed and belief and on such basis allege that, Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and Def. Allied knew or should have known that by failing to **completely** fulfill their financial obligation to the Plaintiffs without requiring them to file suit would violate the laws of 48 States in the United States that have mandatory automobile insurance, Cal. Penal Code § 550, 18 U.S.C. § 657, 18 U.S.C. § 1343, 18 U.S.C. § 1349, 18 U.S.C. § 1951, 18 U.S.C. § 1956, 18 U.S.C. § 1957 and possibly 18 U.S.C. § 1001.

102. In addition, were the Plaintiff(s) to allow Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and Def. Allied to shift the financial burden from themselves to a third party, in this case, Interinsurance and Meridan, Plaintiff(s) would be conspiring, aiding and abetting insurance fraud in all 48 States, along with federal wire and mail fraud.

103. Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and Def. Allied have not and do not inform claimants, such as Plaintiffs, that their claim settlement practices: (1) may or may not conform the to laws of the State in which the insurance policy is issued; (2) may or may not conform to the laws of the State in which an accident or event giving rise to a claim of liability occurs, and (3) their conformity or non-conformity to the insurance claim settlement practices of any given State in which the policy is issued or an accident occurs may and probably will expose the

claimant to possible criminal liabilities.

104. Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and Def. Allied have not and do not inform the claimants, such as Plaintiff(s) or the public, in general, that their (all Defendants) violation of the claim settlement practice laws of the 48 States that have mandatory automobile laws could subject: (1) the claimants, and; (2) certain members of the public that are directly or indirectly involved with an insurance claim for consideration by Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and Def. Allied to additional civil and criminal liabilities, including, but not limited to: possible criminal liability under Cal. Penal Code § 550 or similarly constructed statute based on either: (a) the State in which the claim is filed, (b) the State in which the claim arose; (c) the State in which one party to the claim is a resident, etc., possible civil liabilities that naturally arise from doing business with an organization that is disproportionately sued in relation to their competitors, such filing fees, deposition fees, attorneys fees and the like, federal criminal liabilities, such as, violations 18 U.S.C. § 1343, 18 U.S.C. § 1349 and 18 U.S.C. § 1001 costs normally associated with understanding, preventing and defending such violations such as attorneys fees, lost wages, etc. in comparison to automobile insurance companies that settle claims **without** requiring claimants to file suit.

105. A current claimant of Def. Nationwide, Def. Allied, Def. Proctor, Def. Noel and Def. Jurgensen and/or a current insured or prospective insured of Def. Nationwide, Def. Allied would likely to be deceived by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and/or Def. Allied's failure to inform or conscious omission to inform a current claimant or prospective claimant, a current insured or prospective insured of: (1) the percentage of automobile insurance claims that are processed

by Def. Proctor, Def. Noel, Def. Nationwide and/or Def. Allied in accordance with the laws of the State in which the insurance policy is issued verses the percentage that do not; (2) the percentage of automobile insurance claims that are processed by Def. Proctor, Def. Noel, Def. Nationwide, and Def. Allied in accordance with the laws of the State in which the accident or event giving rise to the insurance claim in compliance with the laws of that State verses the percentage that do not, etc.

106. In other words, a claimant, such as Plaintiff(s) Kosens, or a prospective claimant, or an insured or a prospective insured is likely to be deceived by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and/or Def. Allied's failure to publish a comparison of their automobile insurance claim settlement practices with the other leading automobile insurance companies on a State by State, law by violation of law comparison.

107. Moreover, an individual filing a claim with Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and/or Def. Allied may be deceived by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to disclose to individuals filing claims that they (claimants) should immediately retain an attorney because Def. Proctor, Def. Noel, Def. Nationwide and Def. Allied will not pay the reasonable value of a claim without suit being filed first.

108. Moreover, an individual filing a claim with Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and/or Def. Allied may be deceived by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to disclose to individuals filing claims that Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and Def. Allied are not on their (claimants) side and that the claimants should immediately

retain an attorney.

109. Additionally, an individual filing a claim with Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide and/or Def. Allied may be deceived by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to disclose to individuals filing claims that Def. Proctor, Def. Noel, Def. Jurgensen, Def..Nationwide and Def. Allied do not conduct business in a legal manner and that the claimants should immediately retain an attorney.

110. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute a fraudulent business act or practice as prohibited by Cal. Bus. & Prof. Code § 17200.

111. Plaintiff(s) Kosens have been financially harmed or injured by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's fraudulent and deceptive behavior as outlined above, as follows: (1) attorney's fees and expenses for litigation that should never have taken place, and normally would not require any attorney work; (2) litigation expenses, including filing fees, service fees and the like; (3) unusual, extraordinary and unnecessary stress from Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to pay the medical expenses incurred by Meridan and Interinsurance; (4) interest lost on the money that claimants were entitled to on or soon after March 7, 2006.

///

## SECOND CAUSE OF ACTION

(Business & Professions Code § 17200; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Nationwide, Def. Allied, Def. Jurgenson, Def. Proctor, Def. Noel - "Unlawful Business Practice")

112. Plaintiff(s) Kosens incorporates by reference and re-alleges each

allegation set forth above as though set forth at length herein.

113. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute an unlawful business act(s) or practice as prohibited by Cal. Bus. & Prof. Code § 17200.

114. Plaintiff(s) Kosens have been financially harmed or injured by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's unlawful behavior, as set forth above, as follows: (1) attorney's fees and expenses for litigation that should never have taken place, and normally would not require any attorney work; (2) litigation expenses, including filing fees, service fees and the like; (3) unusual, extraordinary and unnecessary stress from Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to pay the medical expenses incurred by Meridan and Interinsurance; (4) interest lost on the money that claimants were entitled to on or soon after March 7, 2006.

///

## THIRD CAUSE OF ACTION

(Business & Professions Code § 17200; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Nationwide, Def. Allied, Def. Jurgenson, Def. Noel, Def. Proctor - "Unfair Business Practice")

115. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

116. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute an unfair business act(s) or practice as prohibited by Cal. Bus. & Prof. Code § 17200.

117. Plaintiff(s) Kosens have been financially harmed or injured by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def.

Allied's unfair behavior, as set forth above, as follows: (1) attorney's fees and expenses for litigation that should never have taken place, and normally would not require any attorney work; (2) litigation expenses, including filing fees, service fees and the like; (3) unusual, extraordinary and unnecessary stress from Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to pay the medical expenses incurred by Meridan and Interinsurance; (4) interest lost on the money that claimants were entitled to on or soon after March 7, 2006.

///

## FOURTH CAUSE OF ACTION

(Business & Professions Code § 17200; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Nationwide, Def. Allied, Def. Jurgenson, Def. Proctor, Def. Noel - "Unfair Advertising")

118. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

119. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute an unfair advertising as prohibited by Cal. Bus. & Prof. Code § 17200.

120. Plaintiff(s) Kosens have been financially harmed or injured by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's unfair advertising, as set forth above, as follows: (1) attorney's fees and expenses for litigation that should never have taken place, and normally would not require any attorney work; (2) litigation expenses, including filing fees, service fees and the like; (3) unusual, extraordinary and unnecessary stress from Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to pay the medical expenses incurred by Meridan and Interinsurance; (4) interest

lost on the money that claimants were entitled to on or soon after March 7, 2006.

///

## FIFTH CAUSE OF ACTION

(Business & Professions Code § 17200; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Nationwide, Def. Allied, Def. Jurgenson, Def. Proctor, Def. Noel - "Deceptive Advertising")

121. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

122. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute an deceptive advertising as prohibited by Cal. Bus. & Prof. Code § 17200.

123. Plaintiff(s) Kosens have been financially harmed or injured by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's deceptive advertising, as set forth above, as follows: (1) attorney's fees and expenses for litigation that should never have taken place, and normally would not require any attorney work; (2) litigation expenses, including filing fees, service fees and the like; (3) unusual, extraordinary and unnecessary stress from Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to pay the medical expenses incurred by Meridan and Interinsurance; (4) interest lost on the money that claimants were entitled to on or soon after March 7, 2006.

///

## SIXTH CAUSE OF ACTION

(Business & Professions Code § 17200; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Nationwide, Def. Allied, Def. Jurgenson, Def. Proctor, Def. Noel - "Untrue Advertising")

124. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

125. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute an untrue advertising as prohibited by Cal. Bus. & Prof. Code § 17200.

126. Plaintiff(s) Kosens have been financially harmed or injured by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's untrue advertising, as set forth above, as follows: (1) attorney's fees and expenses for litigation that should never have taken place, and normally would not require any attorney work; (2) litigation expenses, including filing fees, service fees and the like; (3) unusual, extraordinary and unnecessary stress from Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to pay the medical expenses incurred by Meridan and Interinsurance; (4) interest lost on the money that claimants were entitled to on or soon after March 7, 2006.

///

## SEVENTH CAUSE OF ACTION

(Business & Professions Code § 17200; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Nationwide, Def. Allied, Def. Jurgenson, Def. Proctor, Def. Noel - "Misleading Advertising")

127. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

128. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute an misleading advertising as prohibited by Cal. Bus. & Prof. Code § 17200.

129. Plaintiff(s) Kosens have been financially harmed or injured by Def. Proctor's, Def. Noel, Def. Jurgensen's, Def. Nationwide's and Def.

Allied's misleading advertising, as set forth above, as follows: (1) attorney's fees and expenses for litigation that should never have taken place, and normally would not require any attorney work; (2) litigation expenses, including filing fees, service fees and the like; (3) unusual, extraordinary and unnecessary stress from Def. Proctor's, Def. Noel, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to pay the medical expenses incurred by Meridan and Interinsurance; (4) interest lost on the money that claimants were entitled to on or soon after March 7, 2006.

///

## EIGHTH CAUSE OF ACTION

(18 U.S.C. §§ 1964 (c), 1962 (c) - RICO; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Jurgenson, Def. Proctor, Def. Noel)

130. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

131. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute a RICO violation as set forth in 18 U.S.C. § 1961.

132. Plaintiff(s) Kosens are informed and believe and on such basis allege that the acts and/or omissions, as detailed above, constitute a prohibited activity as set forth in 18 U.S.C. 1962(c).

133. Plaintiff(s) Kosens are informed and believe and on such basis allege that the act(s), practice(s) and policy(ies) alleged herein this complaint represent a pattern of activity by Def. Noel, Def. Jurgensen and Def. Proctor as they operate out of the Sacramento Claims Office of Def. Nationwide and Def. Allied to continuously understate incurred medical expenses in an effort to reduce settlement offers.

134. Plaintiff(s) Kosens are informed and believe and on such basis allege that

the act(s), practice(s) and policy(ies) alleged herein this complaint represent a pattern of activity by Def. Noel, Def. Jurgensen and Def. Proctor as they operate out of the Sacramento Claims Office of Def. Nationwide and Def. Allied to continuously require claimants to file suit before any damages will be paid.

135. Plaintiff(s) Kosens are informed and believe and on such basis allege that the act(s), practice(s) and policy(ies) alleged here in this complaint represent a pattern of activity by Def. Noel, Def. Jurgensen and Def. Proctor as they operate out of the Sacramento Claims Office of Def. Nationwide and Def. Allied to continuously require claimants to file suit wherein out of state defendants injure in state plaintiffs in an effort to reduce final settlement payments.

136. Plaintiff(s) Kosens are informed and believe and on such basis allege that the act(s), practice(s) and policy(ies) alleged here in this complaint will continue unabated by Def. Noel, Def. Jurgenson and Def. Proctor if allowed to continue to operation out of the Sacramento Claims Office of Def. Nationwide and Def. Allied injuring other claimants, like Plaintiff(s) Kosens.

137. Plaintiff(S) Kosens herein file suit in their eighth cause of action pursuant to 18 U.S.C. § 1964 (c).

138. Plaintiff(s) Kosens have been financially harmed or injured by Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's RICO behavior, as set forth above, as follows: (1) attorney's fees and expenses for litigation that should never have taken place, and normally would not require any attorney work; (2) litigation expenses, including filing fees, service fees and the like; (3) unusual, extraordinary and unnecessary stress from Def. Proctor's, Def. Noel's, Def. Jurgensen's, Def. Nationwide's and Def. Allied's failure to pay the

medical expenses incurred by Meridan and Interinsurance; (4) interest lost on the money that claimants were entitled to on or soon after March 7, 2006, and; (5) failure to pay the fair and reasonable value for injuries incurred by Plaintiff(s) Kosens.

///

## NINTH CAUSE OF ACTION

(Civil Code §§ 1708, 1714 - General Negligence;

Plaintiff G. Kosen v. Def. Ruffing)

139. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

140. While operating a motor vehicle on February 24, 2006, Def. Ruffing owed Plaintiff G. Kosen a duty to operate the vehicle in a safe and careful manner. Brown v. Merlo, 8 Cal. 855 (1973); Bergman v. Bierman, 138 Cal. App. 2d (1956).

141. While operating a motor vehicle southbound on La Jolla Hermosa on February 24, 2006, Def. Ruffing owed Plaintiff G. Kosen a duty to completely stop at the designated stop sign at the intersection of La Jolla Hermosa and Forward Street. Downing v. Barrett Mobile Home Transport, Inc., 38 Cal. App.3d 519 (1974).

142. While operating a motor vehicle southbound on La Jolla Hermosa on February 24, 2006, Def. Ruffing owed Plaintiff G. Kosen a duty to wait until the intersection was clear in both east and west bound directions before proceeding across Forward Street. Id.

143. While operating a motor vehicle southbound on La Jolla Hermosa on February 24, 2006, Def. Ruffing owed Plaintiff G. Kosen a duty to yield to oncoming traffic before entering the intersection of La Jolla Hermosa and Forward Street. Id.

144. On February 24, 2006, Def. Ruffing breached her duty to Plaintiff G.

Kosen by failing to stop at the stop sign at La Jolla Hermosa. Evidence Code § 669; Casey v. Russell, 138 Cal. App. 3d 379 (1982).

145. On February 24, 2006, Def. Ruffing breached her duty to Plaintiff G. Kosen by failing to yield to oncoming traffic before entering the intersection of La Jolla Hermosa and Forward Street. Id.

146. On February 24, 2006, Def. Ruffing breached her duty to Plaintiff G. Kosen by failing to wait until the intersection was clear before entering.

147. On February 24, 2006, Def. Ruffing breach of her duty to Plaintiff G. Kosen, as detailed above, caused injury to Plaintiff G. Kosen. Id.

148. On February 24, 2006, while operating a motor vehicle, Def. Ruffing ran the vehicle into Plaintiff G. Kosen's vehicle because she breached her duty owed to Plaintiff, as detailed above.

149. Def. Ruffing's crashing into Plaintiff G. Kosen's vehicle caused Plaintiff G. Kosen substantial injury.

150. Def. Ruffing's running the stop sign at La Jolla Hermosa while operating a motor vehicle caused her vehicle to collide with Plaintiff G. Kosen's vehicle.

151. The collision caused by Def. Ruffing caused injury to Plaintiff G. Kosen.

152. Def. Ruffing's breach of her duty was the cause in fact and the proximate cause of Plaintiff G. Kosen's injuries.

153. In short, Def. Ruffing drove the vehicle into the intersection of La Jolla Hermosa and Forward Street, carelessly, recklessly, and with no regard for anyone or any vehicle and thereby collided with Plaintiff's Kosen's vehicle. Her careless, reckless, thoughtless behavior caused Plaintiff G. Kosen substantial injury as such a nature that Plaintiff G. Kosen had to be rushed away in an ambulance to which two years later he still has rib that pops out every time that he sneezes causing him substantial pain because it presses on his lungs!

154. Plaintiff has lost wage benefits and has sustained an injury to and an impairment of present and future earning capacity and the ability to engage in gainful occupation.

///

## TENTH CAUSE OF ACTION

(Civil Code §§ 1708, 1714, 3294 - General Negligence; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Proctor, Def. Noel, Def. Jurgensen, Def. Nationwide, Def. Allied)

155. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

156. Def. Proctor had a legal duty to compensate Plaintiff(s) Kosens with fairly for the injuries he suffered as a result of Def. Ruffing's negligence.

157. Def. Proctor breached her duty when she affirmatively stated to Plaintiff G. Kosen that he would have to file suit against Def. Nationwide to receive any compensation.

158. Def. Proctor's requirement to file suit was in conscious and willful disregard of Plaintiff(s) Kosens' legal rights. California Shopper, Inc. v. Royal Globe Ins. Co., 175 Cal. App. 3d 1 (1985).

159. Def. Proctor's requirement to file suit was cruel and placed an unjust hardship on Plaintiff(s) Kosens.

160. Def. Proctor's requirement to file suit is despicable conduct.

161. Def. Proctor's requirement to file suit is outrageous, outside the reasonable bounds of decency and utterly intolerable in a civilized society with mandatory automobile insurance.

162. Def. Proctor's requirement to file suit was intended by Def. Proctor to cause harm to Plaintiff(s) Kosens. Betts v. Allstate Ins. Co., 154 Cal. App. 3d 688 (1984).

163. Def. Proctor's requirement to file suit was an intentional

misrepresentation of material fact, in that, Plaintiff(s) Kosen(s) would not and should not have to file a lawsuit to obtain compensation for injuries he suffered as a result of Def. Ruffing's negligence.

164. Def. Proctor's assertion that Plaintiff G. Kosen has to file suit to receive compensation was a concealment of material fact, in that, Plaintiff(s) Kosens would not and should not have to file a lawsuit to obtain compensation for injuries he suffered as a result of Def. Ruffing's negligence.

165. Def. Proctor's statement was intended to deprive Plaintiff(s) Kosens of their legal rights and their right to compensation for injuries suffered by Plaintiff G. Kosen as a result of Def. Ruffing's negligence.

166. Plaintiff(s) Kosens are informed and believes and on such basis alleges that Def. Noel and Def. Jurgenson had knowledge of Def. Proctor's lawsuit assertion.

167. Plaintiff(s) Kosens are informed and believes and on such basis alleges that Def. Noel ratified Def. Proctor's lawsuit assertion by re-affirming Def. Proctor's ridiculously low settlement offer of $13,000 based on less than half the incurred medical bills.

168. Plaintiff(s) Kosens are informed and believes and on such basis alleges that Def. Nationwide and Def. Allied knew, or in the exercise of reasonable care should have known that Def. Proctor was incompetent and unfit to perform the job that she was hired to perform and that the performance of this job involved the risk of harm to others.

169. Plaintiff(s) Kosens informed and believes and on such basis alleges that Def. Nationwide and Def. Allied knew or should have known that Def. Proctor was unsuitable for the position of claims adjustor based on timely evaluations that evidenced her unfitness and the percentage of lawsuits that were filed as a result of her failing to settle claims in a timely

fashion.

170. Plaintiff(s) Kosens are informed and believes and on such basis alleges that Def. Nationwide and Def. Allied knew or should have known that Def. Proctor was unsuitable for the position of claims adjustor based on her inability to accomplish the simple task of pressing *82 to "unblock" Plaintiff G. Kosen's phone to resolve the outstanding claim!

171. Def. Nationwide and Def. Allied had advance knowledge of Def. Proctor's unfitness to accomplish even the simplest task of dialing a phone and, yet, continued to employ her with a conscious disregard of the rights of others.

172. Def. Proctor's conduct was intentional and malicious and done for the purpose of causing Plaintiff(s) Kosens to suffer humiliation, mental anguish, and emotional and physical distress.

173. Def. Noel's, Def. Allied and Def. Nationwide's conduct in ratifying that conduct was knowledge that Plaintiff(s) Kosens emotional and physical distress would thereby increase.

174. Def. Noel's, Def. Allied's and Def. Nationwide's conduct was done with wanton and reckless disregard of the consequences to Plaintiff(s) Kosens.

175. The extreme emotional distress and other injuries suffered by Plaintiff(s) Kosens were proximately caused by the Defendant(s) conduct.

176. The acts of Defendant(s) alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

///

## ELEVENTH CAUSE OF ACTION

(Loss of Consortium; Plaintiff B. Kosen v. Def. Ruffing)

177. Plaintiff(s) Kosens incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

178. Prior to his injuries, Plaintiff G. Kosen was able to and did perform his duties as a spouse, including assisting in maintaining the home, providing love, affection, society, sexual relations and recreational activities.

179. Subsequent to the injuries and as a proximate result thereof, Plaintiff G. Kosen has been unable to perform the necessary duties as a spouse, in that, the broken rib makes it extremely painful to comfort, have sexual relations, hug, and other work and services usually performed by him in the care, maintenance and management of the family home.

180. Plaintiff B. Kosen has been deprived and will be permanently deprived of the consortium of Plaintiff G. Kosen, including the performance of his necessary duties.

///

## TWELFTH CAUSE OF ACTION

(Civil Conspiracy; Plaintiff G. Kosen, Plaintiff B. Kosen v. Def. Proctor, Def. Noel)

181. Plaintiff(s) Kosens incorporates by reference and re-alleges the allegations of paragraphs 6, 7, 70, 71, 72, 82, 83, 86, 89, 94, 95, and 99 completely and fully as though set forth at length herein.

182. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor owed Plaintiff(s) Kosen a duty to throughly investigate the extent of Plaintiff G. Kosen's injuries before proffering a settlement amount.

183. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor owed Plaintiff(s) Kosens a legal duty to **not** understate the medical bills that Plaintiff G. Kosen incurred in computing the proffered settlement amount.

184. On February 14, 2008, Def. Proctor sent a written correspondence via U.S. Mail on to Plaintiff(s)' attorney offering Plaintiff(s) $13000 to settle

their claim **despite** not having all of Plaintiff G. Kosen's medical records for review.

185. Def. Proctor affirmatively represented that her $13000 offer to settle the matter was based on liability and damages; Damages of which included medical bills in the amount of $2,562.98.

186. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor owed Plaintiff(s) Kosens a legal duty to accurately state the medical bills that Plaintiff G. Kosen incurred in computing the proffered settlement amount.

187. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor was not acting as an agent for Def. Nationwide or Def. Allied when she understated the medical bills incurred by Plaintiff G. Kosen.

188. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor was not acting in her official capacity for Def. Nationwide or Def. Allied when she understated the medical bills incurred by Plaintiff G. Kosen.

189. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor was acting outside the scope of her authority for Def. Nationwide or Def. Allied when she understated the medical bills incurred by Plaintiff G. Kosen.

190. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor was acting for her own personal benefit when she understated the amount of Plaintiff G. Kosen's medical benefits in computing the proffered settlement.

191. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Proctor was acting for the collective benefit of her co-conspirators when she understated the amount of Plaintiff G. Kosen's medical benefits

in computing the proffered settlement.

192. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Noel owed Plaintiff(s) Kosens a legal duty to **not** understate the medical bills that Plaintiff G. Kosen incurred in computing the proffered settlement amount.

193. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Noel owed Plaintiff(s) Kosens a legal duty to accurately state the medical bills that Plaintiff G. Kosen incurred in computing the proffered settlement amount.

194. On February 28, 2008, Def. Noel sent a written correspondence to Plaintiff(s) attorney reiterating the $13000 amount to settle the matter based on liability and damages based on medical bills in the amount of $2,562.98.

195. On February 28, 2008, Def. Noel made a false statement about the amount of medical damages incurred by Plaintiff G. Kosen.

196. On February 28, 2008, Def. Noel made a false statement about the amount of medical damages incurred by Plaintiff G. Kosen using the U.S. Mail.

197. On February 28, 2008, Def. Noel made a misleading statement about the amount of medical damages incurred by Plaintiff G. Kosen.

198. On February 28, 2008, Def. Noel made a misleading statement about the amount of medical damages incurred by Plaintiff G. Kosen using the U.S. Mail.

199. On February 28, 2008, Def. Noel made a false and misleading statement about the amount of medical damages incurred by Plaintiff G. Kosen in opposition to Plaintiff G. Kosen claim for payment for damages via the U.S. Mail.

200. Plaintiff(s) Kosens are informed and believe and on such basis allege that

Def. Noel was not acting in his official capacity for Def. Nationwide or Def. Allied when he understated the medical bills incurred by Plaintiff G. Kosen.

201. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Noel was not acting as an agent for Def. Nationwide or Def. Allied when he understated the medical bills incurred by Plaintiff G. Kosen.

202. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Noel was acting outside the scope of his authority for Def. Nationwide or Def. Allied when he understated the medical bills incurred by Plaintiff G. Kosen.

203. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Noel was acting for his own personal benefit when he understated the amount of Plaintiff G. Kosen's medical benefits in computing the proffered settlement.

204. Plaintiff(s) Kosens are informed and believe and on such basis allege that Def. Noel was acting for the collective benefit of his co-conspirators when he understated the amount of Plaintiff G. Kosen's medical benefits in computing the proffered settlement.

205. Plaintiff(s) are informed and belief and on such basis allege that the amount of medical damages is material in determining the settlement amount.

206. As a direct and proximate result of Def. Proctor's and Def. Noel's civil conspiracy, as alleged above, Plaintiff(s) Kosens have suffered and continue to suffer damages.

///

///

///

///

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1) General damages in an amount according to proof;

2) Medical and related expenses in an amount according to proof;

3) Past and future lost earnings in an amount according to proof;

4) Damages for the impairment of earning capacity in an amount according to proof;

5) Treble damages, wherein provided for by law;

6) Prejudgment interest as permitted by law;

7) Attorneys fees, wherein provided for;

8) For special damages according to proof;

9) Exemplary and punitive damages, wherein provided for by law;

10) For costs of suit herein incurred;

11) Preliminary and injunctive relief, as follows: (i) full disclosure by Def. Nationwide and Def. Allied to their current insured, current claimants and prospective customers as to their adherence **rate** to the claim settlement practice laws of the State of California and all other States that they do business; (ii) comparison of adherence rate in relation to other insurance company's adherence rate to the claim settlement practices in California; (iii) disclaimer by Def. Nationwide and Def. Allied to their current insured, current claimants and prospective customers that: (1) Def. Nationwide's and Def. Allied's claim settlement practices or acts, may or may not adhere to the claim settlement practice laws of any given State in which: (a) the accident or event giving rise to the claim occurred, or; (b) the State in which one of the claimants is a resident; (iv) written statement and oral televised disclaimer that Def. Nationwide's and Def. Allied illegal claim settlement practices may subject insured and claimants to civil and/or criminal liabilities such as violations of Cal. Penal Code § 550, 18 U.S.C. § 1001, 18 U.S.C. § 1343, and 18 U.S.C.

§ 1349; (iv) written by Def. Nationwide and Def. Allied in each communication with individuals filing claims with Def. Nationwide and Def. Allied that they should **immediately** retain the services of a qualified attorney to protect their legal interests and personal legal liabilities; (v) advertised disclaimer that Def. Nationwide and Def. Allied are **not** on your side when you file a claim.

11) For such other and further relief as the court may deem proper.

///

_________________________ Date: 04/11/08

DOUGLAS J. CRAWFORD,
Attorney for Gerald And Brenda Kosen

**PROOF OF SERVICE BY MAIL**
**(1013a, 2015.5 C.C.P.)**

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

I am Employed in the county aforesaid; I am over the age of eighteen (18) years and not a party to the within-entitled action; my business address 1800 E. 17th Street, Suite 101, Santa Ana, California 92705.

On April 30, 2008 I served the within

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)

on the interested parties herein in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Santa Ana, California, addressed as follows:

Douglas J. Crawford, Esq.
Law Office of Douglas J. Crawford
4368 Niagara Avenue
San Diego, California 92107-2926

Wesley Beavers
Koester and Beavers
1201 Dove Street, Suite 300
Newport Beach, CA 92660-2829
949-250-5545

I certify (or declare), under penalty of perjury under the laws of the State of California, that the above is true and correct and executed this 30th day of April, 2008..

Rickiann Hamilton, Declarant

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

VIA FAX

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

## I. (a) PLAINTIFFS

Gerald & Brenda Kosen

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Douglas Crawford, Law Office of Douglas Crawford
4368 Niagara Ave., San Diego, California 92107-2926

## DEFENDANTS

Rose Proctor; Mark Noel; Allied Property and Casualty; Nationwide Mutual Insurance Company

'08 CV 0793 LAB WMc

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) BY: DEPUTY

Derrick R. Sturm, Cannon & Nelms, P.C., 1800 East 17th Street, Suite 101, Santa Ana, Ca 92705

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
18 USC § 1964

Brief description of cause:
Civil Rico Against Defendants Arising From Insurance Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 4-30-2008

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 150385 AMOUNT $350 — APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PB 04/30/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150385 - MB
* * C O P Y * *
April 30, 2008
16:01:08

Civ Fil Non-Pris
USAO #.: 08CV0793 CIVIL FILING
Judge..: LARRY A BURNS
Amount.: $350.00 CK
Check#.: BC8216

Total-> $350.00

FROM: GERALD & BRENDA KOSEN VS
ROSE PROCTOR, ET AL