Law Office of Douglas J. Crawford, SBN 202274
4368 Niagara Ave
San Diego, CA 92107-2926
(619) 876-9177
Attorney for Plaintiff Gerald and Brenda Kosen

# *UNITED STATES DISTRICT COURT*
# *SOUTHERN DISTRICT OF CALIFORNIA*

| | |
|---|---|
| GERALD KOSEN, an individual; BRENDA KOSEN; an individual<br><br>PLAINTIFF (S).<br><br>v.<br><br>KATHLEEN RUFFING, an individual; ROSE PROCTOR, an individual; WILLIAM G. JURGENSON, an individual; MARK NOEL, an individual; ALLIED PROPERTY & CASUALTY INSURANCE, a business entity; NATIONWIDE MUTUAL INSURANCE COMPANY a business entity; and DOES 1 through 74,<br><br>DEFENDANT (S). | CASE NO. 08-CV-793<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND AND REQUEST FOR COSTS**<br><br>Hearing Date: June 30, 2008<br>Hearing Time: 11:15 am<br>Courtroom 9<br>Honorable Larry A. Burns |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

On February 24, 2006, Plaintiff Gerald Kosen ("Plaintiff G. Kosen"), a resident of California, was driving eastbound on Forward Street in La Jolla. At the same time, Defendant Kathleen Ruffing ("Def. Ruffing"), a resident of Pennsylvania, was driving southbound on La Jolla Hermosa in La Jolla. At the intersection of Forward Street and La Jolla Hermosa, Def. Ruffing failed to stop at the designated stop sign, thereby colliding with Plaintiff G. Kosen. The impact of the collision separated Plaintiff G. Kosen's ribs from his spine and he was rushed to the hospital.

On February 21, 2008, Plaintiff G. Kosen and his wife, Plaintiff Brenda Kosen ("Plaintiff B. Kosen") filed a form complaint in Superior Court of California County of San Diego against Def. Ruffing, Rose Proctor, William G. Jurgenson, Allied Insurance, Nationwide Insurance and Does 1 thru 75. The form complaint stated causes of action for negligence, RICO and breach of the covenant of good faith and fair dealing.

Insured by Nationwide Mutual Insurance, Def. Ruffing is represented by an employee/attorney of Nationwide named Robert Wesley Beavers ("Beavers"), SBN 92502 and operating under the guise of Law Office of Goates & Beavers[1]. The remaining defendants are represented by attorney Anthony L. Cannon ("Cannon") of Cannon and Nelms.

Beavers established contact with Plaintiff's attorney in the mid-March and agreed to accept service on behalf of Def. Ruffing. A copy of the Summons, Form Complaint, Notice of Case Assignment, Civil Case Cover Sheet, and Stipulation to Use of Alternative Dispute Resolution were sent to Beavers on behalf of Def. Ruffing..

---

[1]The letterhead of Law Offices of Goates & Beavers states that they (Goates and Beavers) are employees of Nationwide and not a partnership.

On April 11, 2008, Plaintiffs filed a First Amended Complaint adding one defendant, Mark Noel. On April 14, 2008, Beavers filed with the Superior Court an Answer to Plaintiff's form complaint, Demand for Jury Trial and Noticed Motion to Strike Punitive Damages, scheduled for June 13, 2008 at 10:30 am in Department 61, the Honorable John S. Meyer presiding. In addition, Beavers "served" Plaintiff with a Request for Statement Setting Forth the Nature and Amount of Damages Being Sought, Notice of Taking Depositions. On April 15, 2008, Beaver "served" identical, separate sets of Form Interrogatories and Request for Production of Documents (the same documents requested twice) on Plaintiff G. Kosen and Plaintiff B. Kosen.

On April 28, 2008, Def. Ruffing was personally served with a copy of the Summons, First Amended Complaint, Notice of Case Assignment, Civil Case Cover Sheet, and Stipulation to Use of Alternative Dispute Resolution. On April 30, 2008, Beavers served a copy of Def. Ruffing's Answer to the First Amended Complaint and Notice of Taking Defendant Kathleen Ruffing's Motion to Strike Punitive Damages off Calendar.

On April 30, 2008, Cannon filed Notice of Removal of Action under 28 U.S.C. § 1441 (b) accompanied only by a copy of the Form Complaint and First Amended Complaint for Damages, Declaratory and Injunctive Relief. On May 5, 2008, Plaintiffs filed with this Court: Notice of Unavailability; Notice of Non-Compliance with Mandatory Electronic Filing; Application for Temporary Waiver; Request for Dismissal Without Prejudice as to Defendant Allied Property & Casualty Insurance; Request for Dismissal Without Prejudice as to Defendant William G. Jurgenson; Request for Dismissal Without Prejudice as to Defendant Rose Proctor; Request for Dismissal Without Prejudice as to Defendant Mark Noel; Request for Dismissal Without Prejudice as to Defendant Nationwide Mutual Insurance Company; Demand for Jury Trial.

## II. STATEMENT OF THE CASE

At this stage of the proceedings, the statement of the case and the statement of the facts are virtually indistinguishable, therefore, Plaintiff simply incorporates by reference the Statement of the Facts previously recited above as set forth fully herein.

## III. DEFENDANTS MOTION TO REMOVE UNTIMELY

Time limit for removal, as to any defendants, under 28 U.S.C. § 1446 (b) is thirty days. When the claims are transactionally related, as they are in this case, the time clock starts at the moment the first defendant is served or an agent (Beavers) accepts service on behalf of a defendant (Def. Ruffing). Tech-Hills II Assocs. v. Insurance Co. Of No. America, 841 F.2d 1254, 126201263 (5th Cir. 1988); United Computer Systems, Inc. v. AT & T Corp, 298 F.3d 756, 762 (9th Cir. 2002); Doe v. Kerwoood, 969 F. 2d 165 (1992); Goldberg v. CPC Int'l, Inc. 495 F. Supp. 236-237 (ND CA 1980).

Moreover, the trigger on the time clock is pulled from the face of the pleadings. Harris v. Bankers Life & Cas. Co. 425 F. 3d 689, 694 (9th Cir. 2005). Here, the first page and the third page of Plaintiff's form complaint clears states a RICO cause of action. Time clock for removal to federal court began when Beavers accepted service on behalf of Def. Ruffing in the middle of March. United Computers Systems, Inc., supra. Burden shifts to Def. Ruffing, specifically Beavers, to prove that their removal was timely. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004); Guas v. Miller, 980 F.2d 545, 549 (9th Cir. 1992); Parker v. Brown, 570 F.Supp. 640, 642-643 (SD OH 1983).

## IV. DEFENDANTS WAIVED THEIR RIGHT TO REMOVE

Two elements to waiver: (1) untimely filed Notice of Removal as to the first served defendant, and (2) litigating the merits in state court. United Computer Systems, Inc. v. AT & T Corp, 298 F.3d 756, 762 (9th Cir. 2002) (first served defendant waiver); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F. 3d 1244, 1246 (11th Cir. 2004). Generally, filing an answer or demurrer would not

be constitute waiver, but preliminary. See, Beasley v. Union Pac. R.R. Co., 497 F. Supp. 213, 216 (D NE 1980); Carpenter v. Illinois Central Gulf R. R. Co., 524 F. Supp. 249, 251 (MD LA 1981). However, the Court should view the *"totality"* of Beavers' acts in state court in deciding whether or not he waived his right to remove to federal court: filing answer to form complaint & an answer to the first amended complaint; scheduling with the Court & serving motion to strike; request for statement of damages, propounding numerous discovery, etc. In addition, the Court should take into consideration the fact that these attorneys are not working independently but in concert for Nationwide, their employer

Most importantly, Defense Counsel (Beavers and Cannon) for all defendants should not be able to yank Superior Court's chain with their numerous filings and then, untimely, switch over to federal court to begin yanking this Court's chain to delay the overall process.

## V. DEFENDANTS HAVE FAILED TO COMPLY WITH ALL THE PROCEDURAL REQUIREMENTS FOR REMOVAL

28 U.S.C. § 1446 (a) requires the removing party to file with the District Court all process, pleadings, and orders served upon such defendant or defendants. Here, the removing party has failed to file: Summons, Notice of Case Assignment, Civil Case Cover Sheet, etc. Failure to include the summons is a jurisdictional defect that cannot be remedied after the expiration of the thirty day removal period and timely challenged by the plaintiff. Kisor v. Collins, 338 F. Supp.2d 1279, 1280 (ND AL 2004).

More importantly, 28 U.S.C. § 1446 (d) requires the removing party to ***promptly*** file a copy of the notice of removal with the clerk in Superior Court of California, County of San Diego. As of May 9, 2008, the Clerk of Superior Court of California, County of San Diego has no record of the notice of remove to U.S. District Court. Opposing counsel's failure to promptly notify Superior Court of the removal truly speaks volumes on how they perceive public servants in both the State

and Federal systems.

Of course, it would be also helpful and courteous if the removing party provided this Court with a copy of the answers they have filed thus far in the case, but it is not technically required because they can just make federal employees issue a subpoena on Superior Court.

VI. COURT HAS DISCRETION TO REMAND IF SUBJECT MATTER JURISDICTION IS GONE

This Court has discretion to remand the case back to State court if subject matter jurisdiction is longer present. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); Nishimoto v. Federman-Bachrach & Assocs., 903 F. 2d 709, 715 (9th Cir. 1990). There is no dispute that removal was proper before Plaintiff dismissed all the defendants except Def. Ruffing. However, it is questionable as to whether the Court now has subject matter jurisdiction ***as to the amount*** necessary for diversity jurisdiction.

At this point, Plaintiff makes no representations either way about the amount in controversy. Plaintiff's counsel will affirmatively represent that he **did not** dismiss the bulk of the defendant to oust this Court of jurisdiction, but simply to eliminate defendant's counsel, Anthony L. Cannon, from the equation. More importantly, this Court now has the discretion to remand this case back to Superior Court, unless Beavers, as counsel for Def. Ruffing, proves to the Court that removal was timely, procedurally correct ***and*** the amount in controversy exceeds $75k.

///

///

///

VII. PLAINTIFF SEEKS COSTS AND REASONABLE ATTORNEY FEES FOR DEFENDANTS' UNTIMELY AND PROCEDURALLY DEFECTIVE REMOVAL FROM STATE COURT

28 U.S.C. 1447 (c) provides for the payment of costs, including attorney fees,

incurred as a result of the removal. Martin v. Franklin Capital Corp., 546 US 132, 136 (2005). In this instance, attorney fees are appropriate because not only was their joined removal untimely, but opposing counsel did not even bother to notified San Diego Superior Court of the removal. Plaintiff respectfully requests attorney fees in the amount of $2750.00, which represents the amount of time spent on this removal proceeding.

## VIII. CONCLUSION

Defendant's removal was both untimely and procedurally defect and, therefore, remand is mandatory. Removal was done over thirty days after Def. Ruffing's attorney, Beavers, accepted service on her behalf and, most egregiously Defendants failed to even notify Superior Court of the removal. Plaintiff requests remand back to Superior Court and reasonable reimbursement.

///

Respectfully submitted,

_s/Douglas J. Crawford____________

Douglas J. Crawford,
Attorney for Plaintiffs Gerald Kosen and Brenda Kosen
E-mail: dcrawfordlaw@cox.net