R. WESLEY BEAVERS, ESQ. Bar No. 92502
LAW OFFICES OF GOATES & BEAVERS
1201 DOVE STREET, STE 300
NEWPORT BEACH, CALIFORNIA 92660-2829
(949) 553-1359
FAX (949) 250-5555

Attorney for Defendant,
KATHLEEN RUFFING

____Original
____Copy

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD KOSEN, BRENDA KOSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>KATHLEEN RUFFING; ROSE PROCTOR; NATIONWIDE INSURANCE; WILLIAM G. JURGENSON, ALLIED INSURANCE and DOES 1 TO 75,<br><br>Defendants. | Case No.: 08cv0793-LAB (WMc)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR COSTS**<br><br>**Hearing Date: June 30, 2008**<br>**Hearing Time: 11:15 a.m.**<br>**Courtroom: 9**<br>**HONORABLE LARRY A. BURNS** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. <u>STATEMENT OF FACTS</u>**

This lawsuit relates to a February 24, 2006 motor vehicle incident. Plaintiff GERALD KOSEN (hereinafter referred to as KOSEN) was the driver of one of the motor vehicles involved in the incident. Plaintiff KOSEN has alleged that he is a resident of the State of California. Defendant KATHLEEN RUFFING (hereinafter referred to as RUFFING) is a resident of the State

of Pennsylvania. Defendant RUFFING was the driver of the other motor vehicle involved in the subject incident. Plaintiff KOSEN alleges that he had injuries and damages as a result of the subject incident.

On or about February 21, 2008, Plaintiff KOSEN and his wife Plaintiff BRENDA KOSEN filed a lawsuit in San Diego Superior Court Case No. 37-2008-0078491-CU-PA-CTL.

On February 8, 2008, Plaintiffs filed a form Complaint in San Diego Superior Court, and additional defendants were named including ROSE PROCTOR, MARK NOEL, NATIONWIDE INSURANCE, WILLIAM G. JURGENSON and ALLIED INSURANCE COMPANY.

On April 4, 2008, my secretary, Sandra Cox, acknowledged the assignment of the defense of the lawsuit to our claims customer. Defense attorney R. Wesley Beavers' first involvement with the lawsuit occurred approximately three days earlier when he learned of the impending assignment and called claim professional Cozette Frailey to ask for a copy of the Summons and form Complaint. There was no prior contact by defense attorney R. Wesley Beavers with the plaintiffs' attorney Douglas J. Crawford before that date because there was no file or assignment.

On or about April 11, 2008, defense attorney R. Wesley Beavers prepared and filed in San Diego Superior Court an Answer to the form Complaint and a Motion to Strike Punitive Damages

alleged in that form Complaint. These pleadings were filed on April 14, 2008.

On April 17, 2008, defense attorney R. Wesley Beavers received a phone call from plaintiffs' attorney requesting that defense attorney Beavers agree to accept service of the First Amended Complaint of Plaintiffs. Defense attorney R. Wesley Beavers informed plaintiff's attorney at that time that he could not agree to accept service without first discussing it with his client. Plaintiffs' attorney confirmed this discussion in an April 17, 2008 letter attached hereto as defendant's Exhibit "A".

On May 2, 2008, an Answer to the First Amended Complaint for Defendant RUFFING was filed with San Diego Superior Court, and a Notice of Taking the Motion to Strike Punitive Damages Off Calendar.

On or about April 30, 2008, Defendants ROSE PROCTOR, MARK NOEL, NATIONWIDE INSURANCE and ALLIED INSURANCE COMPANY filed a Notice of Removal of Action under 28 U.S.C. §§ 1332 and 1441(b). Defendant RUFFING was joined in the request for removal on this date. This removal was less than 30 days from Defendant's first general appearance in San Diego Superior Court.

On or about May 5, 2008, plaintiffs' attorney filed in the above-entitled U.S. District Court a Notice of Non-Compliance with Mandatory Electronic Filing; Application for Temporary

Waiver. Defendant requests the court to take Judicial Notice of this filing. On page three of this pleading, Plaintiffs admit in pertinent part, "Diversity jurisdiction lies to Def. Ruffing because she is a resident of Pennsylvania and the amount in controversy exceeds $75,000. Therefore, Crawford could have prosecuted this case in this Court, but chose not to because Crawford recognizes the tremendous work load placed on this Court's jurists by drug smuggling and immigration cases."

On June 6, 2008, defense attorney R. Wesley Beavers and plaintiffs' attorney Douglas J. Crawford discussed the monetary value of the subject lawsuit. Defense attorney Beavers offered to transfer the lawsuit if Plaintiffs would stipulate that the amount in controversy is less than $75,000 and there would be an agreement not to execute for any amount awarded in state court for over $75,000. Plaintiffs' attorney Douglas J. Crawford stated that the amount in controversy for this lawsuit is in excess of $75,000.

## 2. ISSUE

**A. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND ON THE GROUNDS THAT THE REMOVAL TO FEDERAL COURT WAS TIMELY FOR DEFENDANT RUFFING.**

**B. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND ON THE GROUNDS THAT NO WAIVER HAS OCCURRED BY DEFENDANT RUFFING.**

**C. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND ON THE GROUNDS THAT THE REMOVAL TO FEDERAL COURT IS SUPPORTED BY TRUE DIVERSITY OF THE PARTIES AND THE AMOUNT IN CONTROVERSY IS CLAIMED TO BE IN EXCESS OF $75,000 BY PLAINTIFF KOSEN.**

**D. THE COURT SHOULD GRANT SANCTIONS IN FAVOR OF DEFENDANT RUFFING BASED UPON THE GROUNDS THAT THE MOTION TO REMAND TO STATE COURT IS FRIVOLOUS BASED UPON CONTRADICTORY STATEMENTS OF PLAINTIFFS' COUNSEL.**

## 3. ARGUMENT

**A. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND ON THE GROUNDS THAT THE REMOVAL TO FEDERAL COURT WAS TIMELY FOR DEFENDANT RUFFING.**

Plaintiffs' attorney has claimed that the filing of the removal action was not timely as to Defendant RUFFING. At page 2, lines 21 and 22 of the Motion to Remand, plaintiffs' attorney claims that defense counsel agreed to accept service in mid-March on behalf of Defendant RUFFING. This is not accurate. The very first contact by defense attorney's office was on April 1, 2008 when defense attorney learned of the assignment and asked for a copy of the Summons and Complaint. The assignment of the lawsuit and the written acknowledgement of receipt of this litigation file was first sent on April 3, 2008. The general appearance in San Diego Superior Court did not occur until April 14, 2008. The April 17, 2008 letter which is

Exhibit "A", confirms that no agreement was made to accept service by that date. There was no agreement to accept service at an earlier date. Plaintiffs' attorney has not provided any written documentation such as a confirming letter to support his claim of a mid-March 2008 conversation and acceptance. Defense attorney did not have the Summons and Complaint as of April 3, 2008 and he would not have accepted service on a pleading he had not yet seen.

Plaintiffs argue that over thirty days lapsed so removal to Federal Court was improper. This argument must fail since the removal to Federal Court was less than thirty days.

**B. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND ON THE GROUNDS THAT NO WAIVER HAS OCCURRED BY DEFENDANT RUFFIING.**

Plaintiffs argue that Defendant RUFFING has waived her right to remove this case to Federal Court. The case of Carpenter v. Illinois Central Gulf R.R. Co., (MD LA 1981) 524 F.Supp 249,251, states in pertinent part that filing an answer or a demurrer does not act as a waiver. Plaintiff filed a request for punitive damages that must be addressed at the initial pleadings stage and it is the functional equivalent of a demurrer. Defendant RUFFING did not waive its right to remove to Federal Court. Federal Courts are generally reluctant to interpret a defendant's conduct in state court as constituting a waiver of the right to remove. Waiver is usually found only if,

after it became apparent that the action was removable, defendant's conduct indicated an unequivocal desire to abandon the right to a federal forum. See Haynes v. Gasoline Marketers, Inc., (MD AL 1999) 184 FRD 414,416. This waiver must be "clear and unequivocal." The plaintiffs' attorney claims in his Motion at page 5, lines 3 through 14 that some type of chain yanking has occurred with the state and Federal courts. Defendant RUFFING is entitled to file an Answer and a Motion to Strike Punitive Damages as responsive pleadings and Plaintiffs have cited no case law that suggests otherwise.

**C. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND ON THE GROUNDS THAT THE REMOVAL TO FEDERAL COURT IS SUPPORTED BY TRUE DIVERSITY OF THE PARTIES AND THE AMOUNT IN CONTROVERSY IS CLAIMED TO BE IN EXCESS OF $75,000 BY PLAINTIFF KOSEN.**

The Removal of the lawsuit to Federal Court was taken on the grounds of U.S.C. § 1332 under diversity and under U.S.C. § 1441(b) for an action arising under RICO.

Plaintiffs have adeptly dismissed the RICO portions of the Complaint and now claim that Federal Court jurisdiction no longer lies in this lawsuit. At page 6, lines 8 through 16 of Plaintiffs' Motion, plaintiffs' attorney claims that the amount in controversy is questionable. This is not what he filed with the Federal Court earlier. On or about May 5, 2008, plaintiffs' attorney filed in the above-entitled U.S. District Court a

Notice of Non-Compliance with Mandatory Electronic Filing; Application for Temporary Waiver. Defendant RUFFING requests the court to take Judicial Notice of this filing. On page three of this pleading, Plaintiffs admitted in pertinent part, "Diversity jurisdiction lies to Def. Ruffing because she is a resident of Pennsylvania and the amount in controversy exceeds $75,000. Therefore, Crawford could have prosecuted this case in this Court, but chose not to because Crawford recognizes the tremendous work load placed on this Court's jurists by drug smuggling and immigration cases." Plaintiffs were afforded an opportunity to recant as to the amount in jurisdiction on June 6, 2008, but again plaintiffs' attorney Crawford indicated that the amount in controversy for this lawsuit is in excess of $75,000. On June 6, 2008, a request was made to plaintiffs' attorney for a stipulation that the amount in controversy is less than $75,000 and for an agreement not to execute on any amount over $75,000 as against Defendant RUFFING. This offer was not accepted by the Plaintiffs.

Defendant RUFFING respectfully contends it has met its burden by a preponderance of the evidence as required by the cases of Gaus v. Miles, Inc., (9th Cir. 1992) 980 F2d 564,566; B., Inc. v. Miller Brewing Co., (5th Cir. 1981) 663 F2d 545,549; Kenneth Rothschild Trust v. Morgan Stanley Dean Whitter, (CD CA 2002) 199 F. Supp.2d 993, 1000. Moreover, if the court

determines that Defendant has met her burden of proof, the court has no discretion to remand. Grote v. Trans World Airlines, Inc., (9th Cir. 1990) 905 F2d 1307, 1310.

**D. THE COURT SHOULD GRANT SANCTIONS IN FAVOR OF DEFENDANT RUFFING BASED UPON THE GROUNDS THAT THE MOTION TO REMAND TO STATE COURT IS FRIVOLOUS BASED UPON CONTRADICTORY STATEMENTS OF PLAINTIFFS' COUNSEL.**

The Plaintiff claims that in mid-March 2008 (with no specific date stated) that plaintiffs' attorney Douglas J. Crawford and defense attorney R. Wesley Beavers discussed this lawsuit and that defense attorney agreed to accept service of the Summons and Complaint. This is roughly two weeks before the actual assignment of the lawsuit. Where is the confirming letter from plaintiffs' attorney? Plaintiffs' attorney Douglas J. Crawford sent a confirming letter (Exhibit "A") when there was no agreement to accept service on April 17, 2008. One would think that he would certainly send a confirming letter when there was an agreement. Defense attorney R. Wesley Beavers learned of the impending assignment on April 1, 2008 and called to ask the insurance claims professional Cozette Frailey for a copy of the Summons and form Complaint. The lawsuit was assigned to defense counsel on April 3, 2008. There was no mid-March agreement to accept service. Permission would have to be

sought from the client RUFFING, and this could not have occurred before April 7, 2008.

It is suggested that plaintiffs' attorney is not entirely accurate as a historian of fact. He claims an agreement for service occurred when it could not have occurred. He claims the amount in controversy is above $75,000 in one pleading and in another pleading he coyly claims there is no representation as to amount in controversy. Plaintiffs' counsel then claims on June 6, 2008 that the amount in controversy is above $75,000. Plaintiffs' counsel has cited U.S.C. § 1447(c) for the position that he is entitled to attorney's fees and cost for the Motion to Remand. Defendant RUFFING makes the same claim. Plaintiffs' attorney has filed a Motion to Remand to state court without a good faith reason. He is either intentionally misrepresenting dates to the Federal Court, or he is sloppy in his recollection. Defendant was required to expend eight hours in the preparation of this Opposition, Memorandum of Points and Authorities and Declaration of R. Wesley Beavers. It is anticipated that seven hours round trip travel time will be necessary between defense counsel's law office in Newport Beach, CA and court. Defense counsel charges $130.00 per hour for attorney time and a request for re-imbursement is made for the sum of $1,950.

///

///

## 4. CONCLUSION

Opposing party, RUFFING, respectfully contends that she has met her burden on the issue of removal to Federal Court. There is no question as to diversity and both plaintiffs' attorney's pleadings and statements are the source of the amount in controversy. There has been no waiver of the right to remove this case to Federal Court by Defendant RUFFING.

Defendant RUFFING requests Plaintiffs' Motion to Remand to state court be denied and that Defendant RUFFING be awarded the $1,950 in attorneys' fees and costs incurred in this opposition.

DATED: June 9, 2008 LAW OFFICES OF GOATES & BEAVERS

By: s/R. Wesley Beavers
R. WESLEY BEAVERS
Attorneys for Defendant,
KATHLEEN RUFFING
E-mail: beaverr@nationwide.com