Law Office of Douglas J. Crawford, SBN 202274
4368 Niagara Ave
San Diego, CA 92107-2926
(619) 876-9177
Attorney for Plaintiff Gerald and Brenda Kosen

# *UNITED STATES DISTRICT COURT*
# *SOUTHERN DISTRICT OF CALIFORNIA*

| | |
|---|---|
| GERALD KOSEN, an individual; BRENDA KOSEN; an individual<br><br>PLAINTIFF (s).<br><br>v.<br><br>KATHLEEN RUFFING, an individual; ROSE PROCTOR, an individual; WILLIAM G. JURGENSON, an individual; MARK NOEL, an individual; ALLIED PROPERTY & CASUALTY INSURANCE, a business entity; NATIONWIDE MUTUAL INSURANCE COMPANY a business entity; and DOES 1 through 74,<br><br>DEFENDANT (S). | CASE NO. 08-CV-793<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND AND REQUEST FOR COSTS**<br><br>Hearing Date: June 30, 2008<br>Hearing Time: 11:15 am<br>Courtroom 9<br>Honorable Larry A. Burns |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. DEFENDANTS HAVE STILL FAILED TO COMPLY WITH ALL THE PROCEDURAL REQUIREMENTS FOR PROPER REMOVAL

Plaintiff asserted four arguments in support of his motion to remand: (1) defendants waived their right to remove because it was untimely {procedural}; (2) defendants waived their right to remove by litigating in State Court {procedural}; (3) defendants failed comply with all the procedural requirements for removal {procedural}; (4) this Court has discretion to remand if subject matter jurisdiction is no longer present {subject matter - sua sponte}. Defendants have failed to even address Plaintiff's third argument and have, thus, conceded that they failed to comply with all the procedural requirements for removal.

It is undisputed that defendants have failed to file with this Court all the documents that were served on them, including: Summons, Notice of Case Assignment, Civil Case Cover Sheet; Stipulation to Alternative Dispute Resolution Process and; Notice to Litigants/ADR Information Package. This specific issue was addressed in both Kisor v. Collins, 338 F. Supp. 2d 1279, 1280 (ND AL 2004) and Andalusia Enterprises, Inc. V. Evanston Ins. Co., 487 F. Supp.2d 1290, 1300 (ND AL 2007).

The Kisor Court analysis is simple: (1) is there a procedural defect; (2) did Plaintiff timely objected; (3) yes to both - case must be remanded. The Kisor Court noted remand was appropriate "because procedural rules that govern the jurisdiction of federal courts are just as important to their jurisdiction as are substantive rules, and must be complied with." Id at 1281.

The analysis in Kisor is entirely in line with the Ninth Circuit's ***plethora*** of cases that hold removal statutes are strictly construed against removal jurisdiction. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), etc. In addition, the Ninth Circuit has consistently held that federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Libhart v. Santa Monica Dairy Co.,

592 F.2d 1062, 1064 (9th Cir. 1979). Defendants have failed to comply with the procedural rules necessary for removal and, therefore, Plaintiff's motion for remand and request for cost should be granted.

## II. DEFENDANTS HAVE FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE JURISDICTIONAL AMOUNT IS SATISFIED

Defendant has the burden of proving by a preponderance of the evidence that subject matter jurisdiction is present. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir. 1990). If the amount sought by Plaintiff is unclear, then Defendant bears the burden of actually proving facts to support jurisdiction, including the jurisdictional amount. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Here, defense counsel submits no credible evidence that the jurisdictional amount is satisfied. The only evidence defense counsel has submitted is contradicted, inadmissible hearsay testimony which does not satisfy the evidentiary standards necessary for removal. Valdez v. Allstate Insurance Company, 372 F. 3d 1115, 1117 (2004); see also, Gaus supra.

## III. NO PROVISION FOR DEFENDANT'S COST REQUEST

Rather than submitting ***any*** argument in opposition to Plaintiff's procedural error contention, Defendants have submitted two pages of rhetoric in support of their request for costs. It is difficult to understand whether defense counsel enjoys wasting the Court's resources or if they are entirely misinformed on the law.

28 U.S.C. 1447 (c) provides, *in relevant part*:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

There are no statutory provisions for attorneys fees or costs for opposing a motion to remand, nor does defense counsel suggest any statutory basis for their request. Moreover, the exact issue was thoroughly examined and summarily rejected in Circle Industries v. Parke Construction, 183 F.3d 105, 109 (2nd Cir. 1999). The

Circle Court noted: "Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal, whereas awarding fees when denying a motion to remand does not." Id. The Circle Court went on to hold: "Because the statute does not authorize courts to award attorneys' fees when upholding a removal, the district court erred by requiring Circle to Parke's attorneys' fees incurred in successfully opposing the remand". Id at 110. Defense's request for costs is legally unsound.

## IV. DEFENSE COUNSEL HAS COMMITTED PERJURY AND IS ATTEMPTING TO COMMIT FRAUD UPON THE COURT

In support of their opposition motion, Defense counsel R. Wesley Beavers states, under penalty of perjury:

> 12. On April 17, 2008, I received a phone call from plaintiffs' attorney requesting that I agree to accept service of the First Amended Complaint of Plaintiffs'. I informed plaintiff's attorney at that time that I could not agree to accept service without first discussing the issue with my client. Plaintiffs' attorney Douglas J. Crawford confirmed this discussion in a April 17, 2008 letter attached hereto as Defendant's Exhibit A.

///

Not only is foregoing patently false and contradicted by all evidence, including Defense Counsel's own Exhibit A, its substance is not even logical.

First, Plaintiff's counsel ***did*** call Anthony L. Cannon ("Cannon") on April 17, 2008 to inquire if ***he*** would accept service on behalf of Rose Proctor, Mark Noel, William G. Jurgenson, Allied Property & Casualty Insurance and Nationwide Mutual Insurance Company. See also, Declr. submitted herein. Cannon stated that he would have to check with his clients before he could accept the First Amended Complaint on their behalf. Defense's Exhibit "A" is a copy of that conversation between Cannon and Plaintiff's counsel, Douglas J. Crawford. Beavers was merely "cc'd" or provided with a "courtesy copy" of that correspondence memorializing the

Cannon/Crawford conversation.

More importantly, Plaintiff's counsel did not need to make any inquire with Beavers about accepting any documents on behalf of Def. Kathleen Ruffing on April 17, 2008 because Beavers had made a general appearance on behalf of Def. Ruffing on April 11, 2008 when he filed her answer and motion to strike. Plaintiffs counsel's phone records support all of the foregoing and are available for the Court's review should the Court seek to take any disciplinary action against Beavers.

## VII. PLAINTIFF SEEKS ADDITIONAL COSTS AND ATTORNEY FEES FOR RESPONDING TO DEFENDANTS' OPPOSITION PAPERWORK

28 U.S.C. 1447 (c) provides for the payment of costs, including attorney fees, incurred as a result of the removal. Martin v. Franklin Capital Corp., 546 US 132, 136 (2005). Plaintiff previously requested $2750.00 in attorney fees for preparing and filing the motion to remand. Plaintiff's counsel is requesting additional compensation for preparing this reply memorandum and accompanying declaration in the amount of $2250.00 for a total amount of $5000.

## VIII. CONCLUSION

Plaintiff requests remand back to Superior Court and reasonable reimbursement.

///

Respectfully submitted,

_s/Douglas J. Crawford____________

Douglas J. Crawford,
Attorney for Plaintiffs Gerald Kosen and Brenda Kosen
E-mail: dcrawfordlaw@cox.net