Law Office of Douglas J. Crawford, SBN 202274
4368 Niagara Ave
San Diego, CA 92107-2926
(619) 876-9177
Attorney for Plaintiff Gerald and Brenda Kosen

***UNITED STATES DISTRICT COURT***

***SOUTHERN DISTRICT OF CALIFORNIA***

| | |
|---|---|
| GERALD KOSEN, an individual; BRENDA KOSEN; an individual<br><br>PLAINTIFF (s).<br><br>v.<br><br>KATHLEEN RUFFING, an individual; ROSE PROCTOR, an individual; WILLIAM G. JURGENSON, an individual; MARK NOEL, an individual; ALLIED PROPERTY & CASUALTY INSURANCE, a business entity; NATIONWIDE MUTUAL INSURANCE COMPANY a business entity; and DOES 1 through 74,<br><br>DEFENDANT (S). | CASE NO. 08-CV-793<br><br>**DECLARATION OF DOUGLAS J. CRAWFORD IN SUPPORT OF MOTION TO REMAND AND REQUEST FOR COSTS**<br><br>Hearing Date: June 30, 2008<br>Hearing Time: 11:15 am<br>Courtroom 9<br>Honorable Larry A. Burns |

I, Douglas J. Crawford, declare, as follows:

1. I am an attorney licensed to practice law in the State of California and a member in good standing before the State Bar of California.
2. I am also licensed to prosecute patents, trademarks and copyrights before the United States Patent and Trademark Office, Registration Number 49.057 and a member in good standing.

3. I am admitted to practice before the United States District Court - Southern District and I am the attorney of record for Gerald and Brenda Kosen.

4. On April 17, 2008, I phoned Anthony L. Cannon of Cannon ("Cannon") and Helms at (714) 543-8312 to inquire if he would accept service on behalf of all the Defendants Rose Proctor, William G. Jurgensen, Mark Noel, Allied Property & Casualty Insurance and Nationwide Mutual Insurance Company. Cannon stated he would have to check with his clients and get back to me. The conversation was memorialized in the letter previously submitted by defense counsel R. Wesley Beavers (Beavers") and marked Exhibit "A". My phone records confirm the foregoing.

5. I did not speak with Beavers on April 17, 2008 by telephone. My phone records also confirm the foregoing.

6. I did speak with Beavers on June 6, 2008 to discuss some inadequate discovery responses submitted by Beavers. Specifically, I expressed to Beavers how he was violating several laws by issuing subpoenas with the Superior Court of California, County of San Diego heading ***two weeks*** after the case had been removed to federal Court.

7. During our June 6, 2008 conversation we discussed settling the case, to which I gave him an amount to "globally" settle the case. Beavers expressed no interest in a global settlement, but was only interested in settling his portion of the case, meaning the Kathleen Ruffing portion. Beavers stated that his portion of the case, the Ruffing portion, was not worth $75,000. I responded that I was only interested in settling all aspects of the case. In addition, I explained to Beavers that I took no position as to the value of the case because there was Ninth Circuit case law that held that if subject matter jurisdiction was not present the Court could order the case dismissed rather than remanded creating a statute of limitations problem for my client. He asked if he could write down that we thought the case was worth more than $75,000 for purposes of his

opposition paperwork. I responded that he could write whatever he wants, but that I take no position on the value of the case.

8. As to Beavers' statement that he offered to transfer the case to state court if Plaintiffs would stipulate that the amount in controversy is less than $75k, etc. is a complete fabrication. First, I do not think legally it is possible to tell a U.S. District Court judge that we have reached an agreement to remand the case ourselves back to State court. If such a conversation had taken place it certainly would have provided me with a good laugh.

9. I charge $250 per hour for out-of-court work whether I am working on intellectual property matters or any other legal matters.

10. I spent over 11 hours researching, writing and editing the initial remand paperwork and have currently spent well over 9 hours in researching, writing and editing this reply paperwork.

I declare under penalty of perjury the foregoing is true and correct. Executed on June 19, 2008 in San Diego, California.

_s/Douglas J. Crawford____________

Douglas J. Crawford,
Attorney for Plaintiffs Gerald Kosen and Brenda Kosen
E-mail: dcrawfordlaw@cox.net