1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 GERALD KOSEN, an individual;
BRENDA KOSEN; an individual,

CASE No. 08cv0793-LAB (WMc)

12                                    Plaintiffs,

**ORDER GRANTING MOTION TO
REMAND AND DENYING
REQUESTS FOR COSTS**

13      vs.

14 KATHLEEN RUFFING, an individual;
15 ROSE PROCTOR, an individual;
WILLIAM G. JURGENSON, an
16 individual; MARK NOEL, an individual;
ALLIED PROPERTY & CASUALTY
17 INSURANCE, a business entity;
NATIONWIDE MUTUAL INSURANCE
18 COMPANY, a business entity; and DOES
1 through 74,
19
                                    Defendants.
20

[Doc. No. 12]

21         Plaintiffs Gerald and Brenda Kosen (collectively "Plaintiffs") filed an action in San

22 Diego County Superior Court seeking damages, declaratory relief, and injunctive relief

23 arising from an automobile accident which occurred in this judicial district.  Mr. Kosen, a

24 California resident, was the driver of one of the vehicles, and Mrs. Kosen was a passenger

25 in the car.  Defendant Kathleen Ruffing ("Ruffing"), a Pennsylvania resident, was the driver

26 of the other vehicle.   Plaintiffs initially named as defendants Ruffing, two insurance

27 companies, and three individuals associated with the entity defendants.  The defendants

28 removed the case to this Court, alleging federal question jurisdiction based on Plaintiffs'

1   claim for violations of the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C.

2   §§ 1961, 1962, 1964 ("RICO"), and jurisdiction based on diversity of citizenship.   The

3   removing defendants have been dismissed from the case, so the only remaining defendant

4   is Ruffing, against whom Plaintiffs pled no federal claim.

5        Plaintiffs filed a Motion to Remand the matter to state court and for fees and costs

6   ("Motion") on May 12, 2008, one week after dismissing all named defendants except Ruffing.

7   [Doc. No. 12.]  Ruffing filed an Opposition to the Motion on June 9, 2008 [doc. no. 16], and

8   Plaintiffs timely filed their Reply [doc. no. 23].  The Court found the issues presented in the

9   Motion to be suitable for decision without oral argument pursuant to Civil Local Rule

10  7.1(d)(1).  [Doc. No. 24.]  For the reasons discussed below, the Motion is **GRANTED**.

11  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

12       The underlying automobile accident occurred in La Jolla, California on

13  February 24, 2006. Plaintiffs filed their Complaint in state court on February 21, 2008,

14  naming as defendants Kathleen Ruffing (the driver), Allied Property & Casualty Insurance

15  Company ("Allied"), Nationwide Mutual Insurance Company ("Nationwide"), and three

16  individuals associated with the insurance companies (Rose Proctor, Mark Noel, and William

17  Jurgensen).[1]  On April 11, 2008, Plaintiffs filed a First Amended Complaint ("FAC").  The

18  FAC alleged twelve causes of action for fraudulent and unfair business and advertising

19  practices against Allied, Nationwide, Proctor, Noel, and Jurgensen; violations of RICO (18

20  U.S.C. §§ 1961, 1962, 1964) against Jurgenson, Proctor, and Noel; general negligence

21  under California law against all defendants; loss of consortium against defendant Ruffing;

22  and civil conspiracy against individual defendants Proctor and Noel.  (FAC ¶¶ 38-206.)

23       On April 14, 2008, shortly after the FAC was filed, Mr. Beavers (counsel for defendant

24  Ruffing) made a general appearance for Ruffing in the state court action by filing an answer

25

26

27  _____

28       [1]  The April 30, 2008 Notice of Removal states that the state action "commenced" on April 1, 2008, the date the removing defendants claim to have first received a copy of the initial complaint through an attorney service.  (Not. of Removal ¶¶ 1-2.)

1   to Plaintiffs' form complaint and a motion to strike the punitive damage request.[2]  According

2   to Plaintiffs, Beavers also served discovery requests on April 15, 2008. (Pls.' Mem. P. & A.

3   3.)

4       Plaintiffs' counsel has filed two certificates of service from the state court action.  One

5   indicates that Ruffing was served with the summons and FAC by mail on April 24, 2008, at

6   her address in Pittsburgh, Pennsylvania.  [Doc. No. 13.]  The other proof of service states

7   that Mr. Jurgensen was similarly served on that date.[3]  [Doc. No. 14.]  On April 30, 2008, Mr.

8   Beavers served Ruffing's answer to the FAC, and a notice that the motion to strike punitive

9   damages would be taken off-calendar.  (Pls.' Mem. P. & A. 3.)  The answer and notice were

10   filed in the state court on May 2, 2008.  (Def.'s Opp'n 3.)

11       Attorney Anthony Cannon filed the Notice of Removal in this Court on April 30, 2008.

12   The Notice of Removal identifies the removing defendants as the insurance companies

13   (Allied and  Nationwide) and individual defendants Proctor and Noel.  The removal notice

14   recites, "none of the Moving Defendants have been served with the summons and

15   complaint," but their attorney, Anthony Lawrence Cannon, Esq., indicated that his firm

16   (Cannon & Nelms) had been authorized to accept service on behalf of the four removing

17   defendants.  (Not. of Removal ¶ 5.)  The Notice of Removal stated that defendant Ruffing

18   (represented by separate counsel, R. Wesley Beavers, Esq.) "joins" in the Notice of

19   Removal.  Defendant Jurgenson did not join because he had not been served.

20       Federal jurisdiction in support of removal was predicated on  28 U.S.C. § 1332

21   (diversity of citizenship) and 28 U.S.C. § 1441(b) (federal question removal jurisdiction) due

22   to the RICO allegations.  (Not. of Removal ¶ 4.)  The Notice is accompanied by two exhibits.

23   Exhibit A is a copy of  the San Diego County Superior Court form Complaint.  The exhibit is

24

25      [2]  Although these documents are mentioned in the Motion to Remand and the opposition

26   papers, copies of the answer and motion to strike have not been provided to the Court.  (See Pls.'
Mem. P. & A. 3; Def.'s Opp'n 2-3.)

27      [3]  Plaintiffs recite the actual service date as April 28, 2008, apparently accounting for mail

28   service.  (Pls.' Mem. P. & A. 3.)  Neither the remand packet nor the docket post-removal contains
proof that the two entity defendants or the other two named individual defendants -- all represented
by Mr. Cannon -- were ever served.

1   signed by Plaintiffs' counsel, Douglas J. Crawford, Esq., and bears a state court file stamp

2   date of February 21, 2008.  Exhibit B is Plaintiffs' First Amended Complaint.[4]  The copy of

3   the FAC bears Mr. Crawford's signature and a signature date of April 11, 2008, but no court

4   file stamp date.  No proof of service of either the Complaint or the FAC and no other

5   pleadings or filings from the state court action were provided in the removal packet.

6   Additionally, a copy of the state court docket was not provided.

7         On May 5, 2008, three court days after removal, Plaintiffs' counsel filed Notices of

8   Voluntary Dismissal Without Prejudice of all the named defendants except Ruffing, none of

9   whom had yet answered the original Complaint or the FAC.  [See Doc. Nos. 3-7.]  Thus,

10  Ruffing is the only named defendant remaining in this action, and the only remaining causes

11  of action from the FAC are the two relating to Ruffing:  general negligence and loss of

12  consortium.

13       In their remand motion, Plaintiffs argue the following:  (1) Removal was untimely; (2)

14  Defendants waived  their right to remove; (3) Defendants failed to comply with all the

15  procedural requirements for removal; and (4) the federal court "has discretion to remand the

16  case back to State court [when] subject matter jurisdiction is no longer present," apparently

17  referring to the absence of federal question jurisdiction through Plaintiffs' dismissal of all

18  defendants against whom Plaintiffs had alleged RICO violations.  (Pls.' Mem. P. & A. 4-6.)

19  They also ask the Court  to award the costs and attorneys' fees they incurred to oppose the

20  "untimely and procedurally defective removal from state court."  (Id. at 6-7.)

21       Ruffing opposes remand because she asserts removal was timely, she has not

22  waived her right to remove the case, and the Court retains diversity jurisdiction over this

23  dispute because Plaintiffs and Defendant are citizens of different states and the amount in

24  controversy exceeds $75,000.  (Def.'s Opp'n 5-9.)  Ruffing seeks recovery of her attorneys'

25  fees spent opposing the motion to remand.

26  //

27

28       [4]  Plaintiffs' counsel indicates the purpose of the FAC was to add one additional defendant (Noel).  (Pls.' Mem. P. & A. 3.)

1  **II.      DISCUSSION**

2         **A.      _Legal Standards for Removal Jurisdiction and Remand_**

3         "When a plaintiff files in state court a civil action over which the federal district courts

4  would have original jurisdiction based on diversity of citizenship, the defendant or defendants

5  may remove the action to federal court . . . ."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68

6  (1996); see 28 U.S.C. § 1441.  The removing party bears the burden of demonstrating

7  removal was proper.  Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir.

8  2006) (examining the propriety of removal under the Class Action Fairness Act); United

9  Computer Sys. v. AT & T Corp., 298 F.3d 756, 763 (9th Cir. 2002); Gaus v. Miles, Inc., 980

10  F.2d 564, 566 (9th Cir. 1992).

11        A plaintiff objecting to the removal may file a motion asking the district court to

12  remand the case to state court.  Caterpillar, 519 U.S. at 69.  The removal statutes are strictly

13  construed, and doubts about the propriety of removal are resolved in favor of remand.

14  Abrego Abrego, 443 F.3d at 685, 690 (citations omitted); Gaus, 980 F.2d at 566; Takeda v.

15  Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985).  A plaintiff may move for

16  remand when removal to federal court was procedurally defective, although procedural

17  defects do not necessarily deprive the court of subject matter jurisdiction.[5]   28 U.S.C. §

18  1447(c).  The timeliness of the removal raises a procedural defect.  Huffman v. Saul

19  Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999) (citing Snapper, Inc. v. Redan,

20  171 F.3d 1249, 1253 (11th Cir. 1999)).

21         "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of

22  removal without reference to subsequent amendments. . . . Because of this rule, a plaintiff

23  may not compel remand by amending a complaint to eliminate the federal question upon

24  which removal was based." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159

25  F.3d 1209, 1213 (9th Cir. 1998) (citing Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488

26  (10th Cir. 1991)).  Here, Plaintiffs have dismissed their RICO claims, which were the only

27  _____

28         [5] "[A] district court's error in failing to remand a case improperly removed is not fatal to the
ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered."
Caterpillar, 519 U.S. at 64.

basis for federal question jurisdiction.  Nevertheless, as will be discussed further below, even if the Court were to find that diversity jurisdiction is lacking, a remand would not be required because federal question jurisdiction was present at the time of removal.

In the case of removal based on diversity jurisdiction, there must be complete diversity at the time the action was filed and at the time of removal.  Ryan ex rel. Ryan v. Schneider Nat'l. Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citations omitted); United Food & Comm. Workers Union v. Centermark Properties Meridien Square, Inc., 30 F.3d 298, 301 (2nd Cir. 1994); see also Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991) (stating that jurisdiction is either established or not at the time the action is commenced; if it exists "at the time the action is commenced, such jurisdiction may not be divested by subsequent events.").  District courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  There is no dispute that the diversity-of-citizenship element is satisfied in this case; rather, the parties' dispute over diversity jurisdiction concerns the amount in controversy.

**B.**    *Merits of the Motion to Remand*

Plaintiffs move for remand on the following four bases:  (1)  The removal was untimely; (2) Defendants waived their right to remove by litigating the merits of the case in state court; (3) Defendants failed to comply with the procedural requirements of the federal removal statutes; and (4) the Court has discretion to remand the case because original subject matter jurisdiction  is lacking.  For the reasons discussed below, each of these arguments is rejected.

**1.**    **Timeliness Of Removal**

A defendant desiring to remove a civil action from state court need only file a notice of removal containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon each defendant or defendants in such action." 28 U.S.C. § 1446(a).  The defendant must file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the

1   initial pleading setting forth the claim for relief upon which such action or proceeding is based

2   . . . ." 28 U.S.C. § 1446(b).  Failure to file a notice of removal within the  statute's time period

3   is a sufficient ground on which to remand an action to state court.  See Things Remembered

4   v. Petrarca, 516 U.S. 124, 128 (1995) (stating that remand based on untimely removal is

5   "precisely the type of removal defect contemplated by § 1447(c)."); see also 28 U.S.C. §§

6   1446(b), 1447(c).

7        With respect to the alleged untimeliness of the removal in this case, Plaintiffs argue

8   that removal occurred "over thirty days after Def. Ruffing's attorney, Mr. Beavers, accepted

9   service on her behalf."  (Pls.' Mem. P. & A. 4.)  Plaintiffs arrive at that trigger date not in

10  reliance on any proof of service, but based on their counsel's representation that he had a

11  conversation with Mr. Beavers in "mid-March" during which Beavers purportedly agreed to

12  accept service on Ruffing's behalf.  Additionally, Plaintiffs contend in summary fashion that

13  a copy of the summons and the form complaint were sent to Beavers.[6]

14       The only proof of service that has been presented to the Court indicating that Ruffing

15  was served is the certificate of service filed by Plaintiffs' counsel on May 27, 2008 [doc. no.

16  13].  That document establishes only that Kathleen Ruffing was formally served with the

17  summons and FAC by mail, postmarked April 24, 2008.  The fact that Ruffing was personally

18  served on April 24, 2008, undermines any argument that Mr. Beavers had previously

19  "accepted service" on behalf of Ruffing in "mid-March" pursuant to any discussions with Mr.

20  Crawford.  (See Pls.' Mem. P. & A. 3.)  Had Beavers accepted service of the Complaint in

21  mid-March, Crawford would have known that Ruffing was represented by counsel, and

22  accordingly, he likely would have served the First Amended Complaint on her via Mr.

23  Beavers.  April 24, 2008 was less than one week before the removing defendants (who had

24  not been served) removed the action to federal court.  Moreover, Mr. Beavers declares in

25  opposition to the remand motion that  Mr. Crawford is mistaken about an alleged "mid-

---

27      [6]   Specifically, the Motion alleges: "[Attorney] Beavers established contact with Plaintiff[]s'
    attorney in the [sic] mid-March and agreed to accept service on behalf of Def. Ruffing," and at some

28  unspecified time, "[a] copy of the Summons, Form Complaint, Notice of Case Assignment, Civil Case
    Cover Sheet, and Stipulation to Use of Alternative Dispute Resolution were sent to Beavers on behalf
    [sic] Def. Ruffing."  (Pls.' Mem. P & A. 2.)

08cv0793

1  March" conversation, and he denies accepting service of the Complaint on Ruffing's behalf

2  at that time.

3  　　　The record reveals that attorney Beavers filed Ruffing's answer to the Complaint in

4  the state court action on April 14, 2008.  He represents by way of explanation:  "On April 3,

5  2008, the lawsuit was assigned to me and on April 4, 2008, my secretary . . . acknowledged

6  the assignment of the defense of the lawsuit to our claims customer . . . Allied Insurance

7  Company." (Beavers Decl. ¶ 9.)  He further declares that he first learned of the "impending

8  lawsuit assignment" on April 1, 2008, and he called his claims customer contact on that date

9  "to ask for a copy of the Summons and form Complaint."  (Id. ¶ 10; Def.'s Opp'n 2.)  Mr.

10  Beavers disputes Mr. Crawford's reference to a "mid-March" contact or agreement, asserting

11  there would not have been any contact between counsel before April "because there was

12  no file or assignment" before then.[7]  (Def.'s Opp'n 2.)

13  　　　Plaintiffs have not presented any evidence that Ruffing or her attorney was notified

14  of the lawsuit or served with the Complaint in mid-March.  Ruffing or her counsel received

15  a copy of the original Complaint prior to the formal Proof of Service reflecting mail service

16  on April 24, 2008 of the Summons and FAC, as evidenced by her Answer to the original

17  Complaint filed April 14, 2008.  Nevertheless, actual receipt standing alone does not trigger

18  § 1446(b)'s  thirty-day window for filing a notice of removal.  See Murphy Bros., Inc. v.

19  Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to

20  remove is triggered by simultaneous service of the summons and complaint, or receipt of the

21  complaint 'through service or otherwise,' after and apart from service of the summons, but

22  not by mere receipt of the complaint unattended by any formal service.").

23  _____

24  　　　[7]  Mr. Beavers represents he first heard from Mr. Crawford by phone on April 17, 2008, three
days after Mr. Beavers filed Ruffing's Answer to the Complaint, asking him to accept service of the

25  FAC.  (Def.'s Opp'n 3.)  Mr. Beavers represents that he told Mr. Crawford he could not agree to
accept service "without first discussing it with his client."  (Pls.' Mem. P. & A. 3.)  Mr. Beavers

26  provides as an Exhibit to the Opposition a document he characterizes as a confirming letter from Mr.
Crawford to substantiate his representations.  (See Def.'s Opp'n 3; Beavers' Decl. ¶ 12,  Ex. A.)

27  However, as observed by Mr. Crawford, the letter from Mr. Crawford memorializing an April 17, 2008
conversation is addressed to Mr. Cannon, who was counsel for the named defendants other than
Ruffing, and the text refers to "clients" in the plural, without ever mentioning Ruffing or Mr. Beavers

28  in particular.  [Doc. No. 18-2.]  This letter does not provide any useful evidence about the content of
communications between Plaintiffs' counsel and Mr. Beavers.

1    Plaintiffs are correct in their assertion that "the time clock starts at the moment the

2    first defendant is served or an agent (Beavers) accepts service on behalf of a defendant

3    (Def. Ruffing)."  (Pls.' Mem. P. & A. 4); see United Computer Sys., 298 F.3d at 762

4    ("Because all defendants must join [the § 1446(b) motion], the 30-day period for removal

5    [under § 1446(b)] commences to run from the date the first defendant receives a copy of the

6    complaint") (citation omitted).   However, there is no proof before the Court that any

7    defendant was served with the Complaint or otherwise had notice of it prior to April 1, 2008.

8    Mr. Cannon, counsel for the removing defendants, recited in the removal notice that he

9    obtained pre-service copies of Plaintiffs filings on April 1, 2008 through an attorney service

10   he engaged for that purpose.  The Court therefore rejects Plaintiffs' argument that the case

11   was not timely removed.  The Court finds the April 30, 2008 Notice of Removal was timely

12   filed on behalf of all the defendants, including Ruffing, within the 30-day statutory period.

13              **2.    Waiver of Right to Remove**

14   Plaintiffs next argument is that "defendants waived their right to remove" because

15   defendant Ruffing actually began litigation her defense in state court, which constitutes a

16   waiver of the right to remove an action to federal court.  (Pls.' Mem. P. & A. 4-5.)  Plaintiffs

17   urge the Court to view "the 'totality' of Beavers' acts in state court in deciding whether or not

18   he waived his right to remove to federal court[,]" even though Defendant Ruffing was not the

19   defendant who initiated the removal.  (Id. at 5.)  According to Plaintiffs, Ruffing committed

20   the following conduct, which is substantial enough to effect a waiver:  "filing an answer to

21   form complaint & an answer to the first amended complaint; scheduling with the Court &

22   serving motion to strike; request for statement of damages, propounding numerous

23   discovery, etc."[8]  (Id.)

24   //

25   _____

26        [8]  Plaintiffs urge the Court to entertain other considerations which are well beyond the
     pertinent record, such as to "take into consideration the fact that these attorneys are not working
27   independently but in concert for Nationwide, their employer."  Plaintiffs contend that Mr. Beavers is
     an employee of Nationwide (one of the dismissed defendants) who is "operating under the guise of
28   Law Office of Goates & Beavers."  (Pls.' Mem. P. & A. 2 & n.1, 5.)  These allegations are not relevant
     to the current Motion and the Court will not entertain such immaterial considerations at this time.

1    A defendant may waive their right to remove a case to federal court by "tak[ing]

2  actions in state court that manifest his or her intention to have the matter adjudicated there,

3  and to abandon his or her right to a federal forum."  Resolution Trust Co. v. Bayside

4  Developers, 43 F.3d 1230, 1240 (9th Cir. 1994).  However, "[i]t has been recognized on

5  numerous occasions that actions which are preliminary and not conclusive in character and

6  which do not actually submit the merits of a claim for a binding decision do not constitute a

7  waiver of defendant's right to remove . . . ."  Beasley v. Union Pac. R.R. Co., 497 F. Supp.

8  213, 216 (D. Neb. 1980).  When "a party takes necessary defensive action to avoid a

9  judgment being entered automatically against him, such action does not manifest an intent

10  to litigation in state court, and accordingly, does not waive the right to remove."  Resolution

11  Trust, 43 F.3d at 1240 (citations omitted).  Actions taken in state court to preserve the status

12  quo are necessary defensive actions that do not cause a waiver of the right to remove.  Id.

13  Likewise, merely filing a pleading in response to the complaint will not result in waiver.

14  Acosta v. Direct Merchants Bank, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002) (finding

15  defendant waived removal by filing a cross-complaint, and thus, invoking the jurisdiction of

16  the state court as a plaintiff).

17    Defendant Ruffing did not waive her right to remove the case to this Court by filing her

18  answer and motion to strike punitive damage request in state court.  Filing an answer and

19  a motion to strike the punitive damage allegations does not demonstrate the "clear and

20  unequivocal" desire to adjudicate the merits of the case in state court.  See Acosta, 207 F.

21  Supp. 2d at 1131 (citing Resolution Trust, 43 F.3d at 1240).  In addition to the filing of the

22  answer and motion to strike, Plaintiffs also assert that Mr. Beavers served numerous

23  discovery requests.  The Court notes that other than the bald assertion in Plaintiffs' moving

24  papers, there is no evidence suggesting that discovery was in fact served.  But even if

25  Beavers did serve discovery on Ruffing's behalf, the Court does not believe this is sufficient

26  to constitute a waiver.  See Anderson v. Kaz, Inc., 2008 WL 2477559, at *2-3 (D. Or. June

27  12, 2008) (finding plaintiff who requested one set of discovery from defendant after removal

28  to federal court did not waive his right to move for remand); Bolden v. Healthspring of Ala.,

1    Inc., 2007 WL 4403588, at *1 (S.D. Ala. Oct. 2, 2007) (finding the serving of deposition

2    notices and written discovery requests was not substantial defensive action that would waive

3    the right to remove case to federal court); Nixon v. Wheatley, 368 F. Supp. 2d 635, 641 (E.D.

4    Tex. 2005) (same).  Therefore, this argument is unavailing.

5                        **3.    Subject Matter Jurisdiction**

6            The Notice of Removal asserts subject matter jurisdiction over this lawsuit based on

7    both diversity of citizenship and a federal question.  (Not. of Removal ¶ 4.)  The federal

8    question raised in Plaintiff's lawsuit was a RICO claim asserted against defendants

9    Jurgenson, Proctor, and Noel, all of whom were voluntarily dismissed shortly after removal.

10   Thus, there are no longer any federal claims remaining in the lawsuit, and federal question

11   jurisdiction is no longer present.  Plaintiffs contend that in addition, the Court lacks diversity

12   jurisdiction because the amount-in-controversy requirement is not met.  (Pls.' Mem. P. & A.

13   6.)

14           Even if this Court agrees and finds that subject matter jurisdiction is currently lacking,

15   it is not required to remand the case.  "[A] plaintiff may not compel remand by amending a

16   complaint to eliminate the federal question upon which removal was based." Sparta Surgical

17   Corp., 159 F.3d at 1213.  Because federal question jurisdiction was present at the time of

18   removal, the Court has acquired pendant jurisdiction over Plaintiffs' related state-law claims.

19   Lindsey v. Dillard's, Inc., 306 F.3d 596, 598-99 (8th Cir. 2002); Bright v. Bechtel Petroleum,

20   Inc., 780 F.2d 766, 771 (9th Cir. 1986) ("Once the federal court acquires jurisdiction of a

21   case on removal, it also acquires jurisdiction over pendant state law claims.").   The

22   subsequent dismissal of the RICO allegations does not deprive this Court of jurisdiction over

23   the case because the Court is entitled to continue to exercise pendant jurisdiction.  See id.

24           The Court has discretion to remand a case in which removal was based on federal

25   question jurisdiction which is no longer present.  Carnegie-Mellon Univ. v. Cohill, 484 U.S.

26   343, 357 (1988); Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 715 (9th Cir.

27   1990).  The Court does not have discretion to remand, however, if the Court has original

28   jurisdiction over the case on another basis, such as where diversity of citizenship is present.

<u>Williams v. Costco Wholesale Corp.</u>, 471 F.3d 975, 977 (9th Cir. 2006) (citing <u>United States</u> <u>v. Rubenstein</u>, 971 F.2d 288, 293 (9th Cir. 1992)).  Here, Defendant Ruffing asserts that the Court has acquired diversity jurisdiction over the dispute because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  (Def.'s Opp'n 7-8.)  Thus, Defendant claims the Court lacks discretion to remand the case.  Plaintiffs, on the other hand, contend that Defendant has not met her burden of proving the amount in controversy is satisfied, so the Court has discretion to decline the exercise of jurisdiction over the pendant state law claims, and a remand is appropriate.

Thus, the Court must determine whether the requirements for diversity jurisdiction are met.  All parties acknowledge there is diversity of citizenship because Plaintiffs are citizens of California and Ruffing is a citizen of Pennsylvania.  However, the parties dispute whether the jurisdictional amount in controversy is satisfied (or continues to be satisfied) in this case. Plaintiffs' motion alleges, "At this point, Plaintiff makes no representation either way about the amount in controversy.  Plaintiffs' counsel will affirmatively represent that he <u>did not</u> dismiss the bulk of the defendant[s] to oust this Court of jurisdiction, but simply to eliminate defendant[]s['] counsel, Anthony L. Cannon, from the equation."  (<u>Id.</u>)

Plaintiffs did not provide a specific damage figure in either the Complaint or the First Amended Complaint.  "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  <u>Abrego Abrego</u>, 443 F.3d at 683 (citing <u>Gaus</u>, 980 F.2d at 566-67; <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996)).  To meet the "preponderance of the evidence" burden, the defendant must establish "that it is 'more likely than not' that the amount in controversy exceeds that amount." <u>Sanchez</u>, 102 F.3d at 404 (quoting <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996)).  The Court may "consider[] facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'"  <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. //

08cv0793

2003) (quoting <u>Singer v. State Farm Mut. Automobile Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997)).

Defendant Ruffing attempts to meet this burden by asking the Court to take judicial notice of Mr. Crawford's May 5, 2008 filing, after removal, of an application for temporary waiver from compliance with the mandatory electronic filing policies and procedures in this district, in which Plaintiffs' counsel states the following:

> Filed concurrently with this Notice are the dismissals without prejudice as to all Defendants except Def. Ruffing. Diversity jurisdiction lies to Def. Ruffing because she is a resident of Pennsylvania and the amount in controversy exceeds $75,000.

> Therefore, [Plaintiffs' counsel] could have prosecuted this case in this court, but chose not to because [he] recognizes the tremendous work load placed on this Court's jurists by drug smuggling and immigration cases.

(Beavers Decl. ¶ 15 (quoting Application for Waiver [doc. no. 2] at 3).) Plaintiffs contend that the Court should not consider this evidence because it is nothing more than "contradicted, inadmissible hearsay testimony which does not satisfy the evidentiary standards necessary for removal." (Pls.' Reply 3 (citing <u>Valdez</u>, 372 F.3d at 1117; <u>Gaus</u>, 980 F.2d at 566)).

In determining whether the amount in controversy is met, the Court may consider "summary-judgment-type evidence," including judicial admissions. <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted); <u>see also</u> <u>Singer</u>, 116 F.3d at 376. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing with the need for proof of the fact." <u>American Title Ins. Co. v. Lacelaw Corp.</u>, 861 F.2d 224, 226 (9th Cir. 1988). Additionally, "statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court." <u>Id.</u> at 227 (emphasis omitted). But, "[w]here . . . the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." <u>Sicor Ltd. v. Cetus Corp.</u>, 51 F.3d 848, 859-60 (9th Cir. 1995) (citing <u>Lacelaw</u>, 861 F.2d at 226).

The Court finds Mr. Crawford's representation as to the amount in controversy against Defendant Ruffing to be an enforceable judicial admission on the issue of amount in

1  controversy at the time of removal.  The admission was made on the very day that counsel

2  dismissed all the named defendants except for Ruffing (May 5, 2008), and it was a clear

3  statement that Plaintiff is seeking over $75,000 in damages from Ruffing.[9]  Plaintiffs do not

4  attempt to refute the judicial admission made by their attorney that the amount in controversy

5  exceeds $75,000, instead stating only that "Plaintiff makes no representations either way

6  about the amount in controversy."  (Pls.' Mem. P. & A. 6.)  Based on the evidence that has

7  been presented, the Court finds by a preponderance of the evidence that the amount in

8  controversy exceeds $75,000, and accordingly, the Court has diversity jurisdiction over

9  Plaintiffs' claims.  Because the Court has original jurisdiction over the case, it does not have

10  discretion to remand based on the dismissal of the federal claims.  See Carnegie-Mellon

11  Univ., 484 U.S. at 356; Williams, 471 F.3d at 977.[10]

12  ### **4.    Procedural Defects in Removal Notice**

13  Plaintiffs contend that the removal of the case to federal court was not effective

14  because the Notice of Removal contained two procedural defects:  (1) Defendants failed to

15  attach copies of all process, pleadings, and state court orders to the Notice of Removal; and

16  (2) Defendants did not file a copy of the Notice of Removal in the state court.  (Pls.' Mem.

17  P. & A. 5.)  Therefore, Plaintiffs urge the Court to remand the case because it was never

18  properly removed.

19  ### **a.    Failure to Attach State Court Process and Pleadings**

20  A defendant desiring to remove a civil action from state court must file a notice of

21

22  [9]    Defendant also argues that Mr. Crawford made statements to Mr. Beavers on June 6,
23  2008, about the amount in controversy exceeding $75,000.  (Beavers Decl. ¶ 16; Def.'s Opp'n 8.)
   Plaintiffs' counsel refutes this assertion.  (Crawford Decl. ¶¶ 6-8.)  The Court has not evidence before
24  it to determine what was discussed during the June 6 conversation, and the Court declines to make
   a credibility determination regarding the competing declarations.

25  [10] Even if the Court had discretion to remand based on the dismissal of the federal claims,
   the case likely would not be remanded on this basis.  "A district court can consider whether the
26  plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  If the
   plaintiff has attempted to manipulate the forum, the court should take this behavior into account . .
27  . . " Carnegie-Mellon Univ., 484 U.S. at 357.  Plaintiffs' prompt dismissal of all federal claims after
   removal, along with Plaintiffs' refusal to take a position on the issue of the amount in controversy,
28  could be construed as an attempt to manipulate the forum, which would justify the Court's exercise
   of discretion to deny remand.

removal containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon each defendant or defendants in such action." 28 U.S.C. § 1446(a). Plaintiffs argue the removing defendants' Notice of Removal was procedurally defective for failure to include copies of "all process, pleadings, and orders served" in the state court action, and for failure to cure that defect by filing an amended Notice of Removal within the thirty-day time frame for removal. 28 U.S.C. § 1446(a). As noted above, the April 30, 2008 Notice of Removal contained no copy of the summons, no copies of any answer to the Complaint or First Amended Complaint, and no orders from the state court (although in the absence of a copy of the docket from the state court action, it is impossible to substantiate whether any orders were actually issued). The only documents attached to the Notice of Removal are the Complaint and the FAC.

Plaintiffs rely on Kisor v. Collins, 338 F. Supp. 2d 1279 (N.D. Ala. 2004), for the proposition that failure to include a copy of the summons is a jurisdictional defect that cannot be remedied after the expiration of the thirty-day removal period. (Pls.' Mem. P. & A. 5.) In Kisor, the plaintiff timely moved for remand on the basis that the notice of removal did not include a copy of the summons served on one of the two defendants or copies of either return of service, so the defendants "failed to meet one of the mandatory prerequisites set forth in 28 U.S.C. § 1446(a), namely, that all 'process' be included." Kisor, 338 F. Supp. 2d at 1279. In opposition, the Kisor defendants argued their procedural error was merely technical and innocuous, but they also purported to amend their notice of removal to add a copy of the state court summons that was served on one of the defendants and a copy of the return of service on him. Id. In strictly construing the removal statute, the Kisor court concluded: "there is no shame in a plaintiff's insistence on full and complete compliance with [statutes] by a defendant who wants to flee to federal court." Id. at 1281. Further, the court found, "defendants' amendment to their notice of removal comes too late, [so] it cannot be considered and cannot counter [plaintiff's] motion to remand. Id.

However, there is a split of authority among the federal courts on this issue. See Yellow Transp., Inc. v. Apex Digital, Inc., 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005). The

1   Fifth, Seventh, and Eleventh Circuits have adopted the opposite view, finding that "the
2   removing party's failure to file the required state court papers is 'curable in the federal court
3   if there is a motion to remand.'" Id. (qutoing 14C Charles Alan Wright et al., Federal Practice
4   & Procedure § 3733, at 350-51 (3d ed. 1998). In Yellow Transportation, the court examined
5   the "two different viewpoints" reflected in the case law on the "pivotal issue . . . whether the
6   proper remedy for defendant's failure to attach the summons is to remand the case or allow
7   defendant to cure the defect by filing an amended notice of removal notwithstanding
8   expiration of the thirty-day removal period." Id. at 1214. The court noted that under the
9   current version of 28 U.S.C. § 1447(c), "there are essentially 'two types of improperly
10  removed cases: those in which the federal court has no subject matter jurisdiction and those
11  with defects in the removal procedure itself." Id. at 1217 (quoting Huffman v. Saul Holdings
12  Ltd. P'ship, 194 F.3d 1072, 1076 (10th Cir. 1999)). The court noted that nothing in the
13  removal statute or its legislative history suggested a failure to comply with the technical
14  requirements of removal (i.e. attaching copies of the state court documents) was meant to
15  deprive the court of jurisdiction to determine whether remand was appropriate under the
16  circumstances. Id. at 1218-19. Accordingly, the court declined to remand the case, despite
17  an error in failing to attach a copy of the state court summons to the removal papers,
18  because the error was inadvertent, it did not burden the court, it did not reflect a complete
19  failure to follow removal procedure, and there was no prejudice to the plaintiff. Id. at 1219.

20      Plaintiffs argue the Court should follow the Kisor approach because it is in line with
21  the Ninth Circuit's practice of strictly construing statutes against removal jurisdiction. (Pls.'
22  Reply 2 (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988) (strictly construing the
23  removal statute codified at 28 U.S.C. § 1441(c) and noting the court looks to the plaintiff's
24  pleadings to assess whether the claims were properly removable); Libhart v. Santa Monica
25  Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (strictly construing the removal statute
26  codified at 28 U.S.C. § 1441(b))).

27      The Court, however, is not persuaded to follow the Kisor line of cases. The Ninth
28  Circuit has found that defects in removal procedure are not jurisdiction defects, so they may

1   be waived or corrected.  See Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212-13 (9th

2   Cir. 1980).   The defect alleged here – the failure to attach the process and pleadings to the

3   Notice of Removal – are technical defects that do not deprive the Court of jurisdiction.

4   Indeed, the removal statute provides a mechanism for the Court to obtain the record

5   materials directly from the state court, further supporting the idea that the statute was not

6   intended to deprive the Court of jurisdiction if all required documents were not attached to

7   the removal notice.  This Court believes that Yellow Transportation and the cases cited

8   within it reflect the majority view on this subject, and this is the view that will also be adopted

9   by this Court.  Accordingly, the failure of Defendants to attach all necessary documents to

10  the Notice of Removal does not necessitate remand.

11              **b.      Failure to File Notice of Removal in State Court**

12          Plaintiffs' second assignment of procedural error, however, is more persuasive.

13  Plaintiffs claim that the removal was procedurally defective because the defendants failed

14  to file a copy of the notice of removal with the clerk of the Superior Court of California,

15  County of San Diego.  (Pls.' Mem. P. & A. 5.)  28 U.S.C. § 1446(d) requires that removing

16  defendants promptly "file a copy of the notice with the clerk of such State court, which shall

17  effect the removal and the State court shall proceed no further unless and until the case is

18  remanded."   Mr. Crawford represents that as of May 9, 2008 (nine days after removal and

19  three days before Plaintiffs' Motion to Remand was filed), the Superior Court Clerk had no

20  record of the notice of removal.  (Pls.' Mem. P. & A. 5.)  Defendant Ruffing did not address

21  this argument in her opposition brief, so the Court has no information about her position

22  about whether the notice was ever properly filed in state court.

23          28 U.S.C. § 1446(d) provides that the state court must be provided with notice of

24  removal "promptly" after the notice of removal is filed in federal court.  The term "promptly"

25  has not been clearly defined, but remand is appropriate if there has been "undue delay" in

26  filing the notice of removal in the state court.  14C Charles Alan Wright et al., Federal

27  Practice & Procedure § 3736 (2006).  "The purpose of filing a copy of the removal petition

28  with the state court 'is to inform the state district judge that he can no longer proceed with

the case until the federal court decides whether it will retain jurisdiction or not.'" <u>Nixon</u>, 368

F. Supp. 2d at 640 (quoting <u>Adair Pipeline Co. v. Pipeliners Local Union</u>, 203 F. Supp. 434,

437 (S.D. Tex. 1962)).

Most courts that have considered the issue have found that short delays in filing the

notice of removal with the state court did not warrant remand. <u>See, e.g.</u>, <u>Nixon v. Wheatley</u>,

368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (finding twenty-two-day delay in filing notice with

state court was "reasonably prompt"); <u>Calderon v. Pathmark Stores, Inc.</u>, 101 F. Supp. 2d

246, 246-47 (S.D.N.Y. 2000) (delay of one month did not necessitate remand). One court

even found a delay of six months did not require a remand, because the federal court did not

lack jurisdiction and the state court did not take action during that delay, beyond issuing a

preliminary scheduling order, so the purpose of the removal statute was not thwarted.

<u>Whitney v. Wal-Mart Stores, Inc.</u>, 2004 WL 1941345, at *1-2 (D. Me. Aug. 31, 2004). Other

courts, however, have found that even short delays have violated § 1446(d) and warranted

remand. <u>See, e.g.</u>, <u>Colettie v. Ovaltine Food Prods.</u>, 274 F. Supp. 719, 723 (D.P.R. 1967)

(delay of five days in notifying plaintiff of removal was sufficient to warrant remand).

In the present case, the Court is not aware of any action that has been taken by the

San Diego Superior Court since the Notice of Removal was filed in this Court. However, at

this point it appears that the defendants have completely failed to comply with § 1446(d)'s

requirement that they file notice of removal in the state court. The Notice of Removal is

dated April 30, 2008, and to date the Court has not been provided with any evidence

showing the notice has been filed in the state court. The removal notice had not yet been

filed in the state court by May 9, 2008, and it appears unlikely that the notice would be filed

after that date because by that time the defendants who filed the removal papers, all

represented by Mr. Cannon, had been dismissed from the lawsuit. In this situation, the Court

finds it appropriate to remand the case to the state court, because the removal process was

never properly completed. <u>See</u> 14C <u>Federal Practice & Procedure</u> § 3737; <u>In re Diet Drugs</u>,

282 F.3d 220, 231 n.6 (3d Cir. 2002) ("Removal is effective upon filing a notice of removal

//

1  in both the relevant federal and state courts, and providing notice to the other parties.")

2  (emphasis added) (citing 28 U.S.C. §§ 1446(a), (d))).

3        **C.**    ***Fees And Costs***

4        In the Motion to Remand, Plaintiffs ask the Court to award them the attorneys' fees

5  incurred as a result of Defendant's improper removal.  (Pls.' Mem. P. & A. 6-7.)  In her

6  opposition to the remand motion, Defendant Ruffing argues she is entitled to an award of

7  the attorneys' fees she incurred in opposing the motion because it is frivolous and based

8  upon the contradictory statements of Plaintiffs' counsel, it was not brought in good faith, and

9  Plaintiffs' counsel has purportedly made either intentional or inadvertent misrepresentations

10  to the court.[11]  (Def.'s Opp'n 9-10.)

11        Each side relies on 28 U.S.C. § 1447(c) as support for their requests for costs and

12  attorneys' fees.  (Pls.' Mem. P. & A. 6; Def.'s Opp'n 10.)  That section provides, in pertinent

13  part, "An order remanding the case may require payment of just costs and any actual

14  expenses, including attorneys' fees, incurred as a result of the removal."  28 U.S.C. §

15  1447(c).  On its face, however, §1447(c) does not authorize an award of fees to a defendant

16  who successfully avoids a motion to remand.  In Martin v. Franklin Capital Corp., 546 U.S.

17  132, 141 (2005), the Supreme Court held that "[a]bsent unusual circumstances, courts may

18  award attorney's fees under § 1447(c) only where the removing party lacked an objectively

19  reasonable basis for seeking removal."  There is no strong presumption in favor of awarding

20  fees.  Id. at 138-39.

21        "The appropriate test for awarding fees under § 1447(c) should recognize Congress'

22  desire to deter removals intended to prolong litigation and impose costs on the opposing

23  party, while not undermining Congress' basic decision to afford defendants a right to remove

24  as a general matter, when the statutory criteria are satisfied."  Id. at 133.  In this present

25  case, the Court finds that neither party is entitled to attorneys' fees and costs.  Defendant

26      ————————————————

27         [11]  "It is suggested that plaintiffs' attorney is not entirely accurate as a historian of fact.  He claims an agreement for service occurred when it could not have occurred.  He claims the amount

28  in controversy is above $75,000 in one pleading and in another pleading he coyly claims there is no representation as to amount in controversy.  Plaintiffs' counsel then claims on June 6, 2008 that the amount in controversy is above $75,000."  (Def.'s Opp'n 10.)

              08cv0793

Ruffing's request for attorneys' fees is DENIED because the removal statutes do not authorize fee awards to parties who oppose motions to remand.  Plaintiffs' request for fees is also DENIED because Defendants' removal of the case to this Court was not objectively unreasonable.  As discussed, the Court has jurisdiction over the case, and were it not for the procedural defect in failing to promptly notify the state court of removal, the case would not have to be remanded.  The majority of Plaintiffs' arguments were unsuccessful.  Thus, this is not a case of "unusual circumstances" that would warrant the awarding of attorneys' fees.

**III.    CONCLUSION AND ORDER**

For all the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**.  Additionally, the requests for fees and costs made by both Plaintiffs and Defendant Ruffing are **DENIED**.

**IT IS SO ORDERED**.

DATED:  January 5, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge